EL PUEBLO DE PUERTO RICO, peticionario, *v.* DAVID MONGE SÁNCHEZ, acusado y recurrido.

*Número:* CE-87-96 *Resuelto:* 18 de noviembre de 1988

Rafael Ortiz Carrión, Procurador General, y Marjorie Rivera Rodríguez, Procuradora General Auxiliar, abogados de El Pueblo; Carmen Ana Maldonado Rodríguez, abogada del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

A solicitud del Pueblo de Puerto Rico, acordamos revisar el dictamen del Tribunal Superior, Sala de Carolina, que archivó, bajo la Regla 247(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, las acusaciones formuladas contra David Monge Sánchez por los delitos de violación, sodomía, robo y agresión agravada en su modalidad de delito grave.

Dicho dictamen respondió a su reclamo al derecho a juicio rápido, fundado en la dilación procesal resultante de cuatro (4) suspensiones acaecidas durante el período comprendido entre el 8 de abril y 15 de octubre de 1986. De estas cuatro (4) suspensiones, el récord revela que la primera de 8 de abril —en que compareció la víctima, testigo principal del Ministerio Fiscal— fue suspendida debido a que la representación legal del acusado tenía señalado otro juicio, y las restantes —15 de mayo, 16 de septiembre y la última, el 15 de octubre— fueron motivadas porque dicha testigo no compareció. Al dilucidarse la solicitud de archivo, el Ministerio Público se opuso. Además, adujo que no existía fundamento para desestimar bajo la Regla 247(b) de Procedimiento Criminal, *supra*, y que, de ser procedente, era en virtud de la Regla 64(n) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

## II

Tiene razón el Ministerio Fiscal. La Regla 64(n)(4) de Procedimiento Criminal, *supra*, claramente dispone que cualquier desestimación de una acusación o cargo "sólo podrá basarse en uno o más de los siguientes fundamentos: . . . (4) [q]ue el acusado [sin justa causa o su consentimiento] no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia".

Obviamente, este precepto es el que gobierna concretamente cualquier desestimación fundada en una demora al comienzo del juicio y, por ende, su alcance dispositivo en cuanto a la finalidad del caso. Los elementos o criterios para detec-

tar si ha mediado o no una violación al derecho a juicio rápido bajo la Regla 64 de Procedimiento Criminal, *supra*, ha sido objeto de varias decisiones. *Pueblo v. López Rodríguez*, 118 D.P.R. 515 (1987); *Pueblo v. Rivera Tirado*, 117 D.P.R. 419 (1986); *Pueblo v. Montezuma Martínez*, 105 D.P.R. 710 (1977); *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975).

En contraste, la Regla 247(b) de Procedimiento Criminal, *supra*, no es aplicable a la solución correcta del caso de autos. Por su esencia y propósito no estaba procesalmente disponible para ser invocada por el acusado Monge Sánchez. En lo pertinente, dispone:

> (b) *Por el tribunal; orden.* Cuando ello sea conveniente para los fines de la justicia y previa celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso. 34 L.P.R.A. Ap. II.

Se observa, pues, que la regla está concebida para ser activada por el tribunal a "instancia propia, o a petición del fiscal" apuntalada en la frase genérica de "pro de la justicia". El texto no define su ámbito conceptual. También guarda silencio en cuanto a si un acusado puede evocarla, aunque es de rigor reconocer que en la fluidez y dinámica procesal una solicitud al efecto es susceptible de ser incorporada en el ánimo y conciencia del juez y, finalmente, proyectarse como una de instancia propia independientemente del interlocutor originario del pedido. E.L. Chiesa, *Efecto de la desestimación de la denuncia o acusación: impedimento o no para un nuevo proceso*, 54 Rev. Jur. U.P.R. 495, 506–507 (1987).

Ahora bien, es menester aclarar que no podemos acceder a la tesis del Estado de que reescribamos la Regla 247(d) de Procedimiento Criminal, *supra*, y resolvamos que un sobreseimiento bajo esa norma, incluso el inciso (b) antes trans-

crito, es uno que por mandato expreso de la propia regla no impide "un nuevo proceso por los mismos hechos". Si bien existen posiciones en contrario —Chiesa, *supra*— ello tiene apoyo en el historial de nuestras reglas, que refleja —aun cuando la cuestión fue discutida— que expresamente nos apartamos del modelo, su concordante, la Regla 48 federal, 18 U.S.C. Véanse: Texto del informe rendido al Tribunal Supremo de Puerto Rico proponiendo las Reglas de Procedimiento Criminal para el Tribunal General de Justicia de Puerto Rico—Conferencia Judicial de Puerto Rico, Comité sobre Procedimiento Criminal, noviembre de 1958; Seminario sobre las Propuestas Reglas de Procedimiento Criminal, Departamento de Justicia, División de Investigaciones y Asuntos Criminales, 1960, pág. 288; Informe sobre Reglas de Procedimiento Criminal de Puerto Rico según revisadas por el Secretariado de la Conferencia Judicial, 1985, pág. 436.

## III

En resumen, procede revocar el dictamen de sobreseimiento bajo la Regla 247 de Procedimiento Criminal, *supra*, del tribunal de instancia. Ese no era ni es el vehículo procesal apropiado, sino la Regla 64(n) de Procedimiento Criminal, *supra*. Al resolver así nos adherimos a la visión decisoria expuesta en *Pueblo v. Montezuma Martínez*, supra, pág. 713, en donde en el contexto de la vista preliminar resolvimos que un *primer* archivo por dilación al derecho constitucional a un juicio rápido no debe ser "definitivo de la causa" y, por ende, la actuación judicial autorizada es bajo la Regla 64(n) de Procedimiento Criminal, *supra*, "que permite la radicación de nueva acusación en casos de delitos graves". Íd., pág. 712.

Con mayor rigor, en las circunstancias presentes de autos, es que el Procurador General en su informe señala:

Los delitos involucrados en este caso son de la más grave seriedad: violación, sodomía, robo y agresión en modalidad de

delito grave. La desestimación estaría predicada en la incomparecencia del testigo esencial de cargo —la víctima— sin culpa imputable al fiscal. Esto sería suficiente para resolver que la desestimación fuere sin perjuicio para un nuevo proceso. Pero aún el tercer factor está en contra del recurrido. La negativa de la víctima a testificar no puede derrotar livianamente el derecho o interés social en traer a juicio a un acusado de delitos de tanta gravedad como los del caso de autos. Más aún, el Tribunal Superior fundamentó la desestimación de las acusaciones en falta de interés de la víctima. "El Tribunal por falta de interés de la perjudicada archiva estos casos bajo la regla 247(b)". Minuta del 15 de octubre de 1986, página 6 del Apéndice a la petición de [*certiorari*.] Esto es inconcebible. El derecho penal, sobre todo en casos de delitos de suma gravedad, no puede depender de la falta de interés de la víctima en el caso. De otra manera se desvanece toda distinción significativa entre el derecho civil privado y el derecho penal público. No se trata aquí de delitos transigibles bajo la Regla 246 de Procedimiento Criminal. Ni siquiera el delito menos grave de homicidio involuntario es transigible bajo dicha regla. *Pueblo* v. *Ramírez Valentín*, 109 D[.]P[.]R[.] 13 (1979). El procesamiento criminal por los delitos de violación, robo y sodomía no es cuestión de interés privado de la parte perjudicada, sino interés público de toda la sociedad. Alegato del recurrente, pág. 15.

Como dijéramos en *Pueblo v. Montezuma Martínez*, supra, pág. 713, "[n]o hay justificación alguna en derecho para concederle este trato especial". No podemos olvidar que el derecho constitucional a juicio rápido, siempre trascendental, se proyecta en dos (2) vertientes: el acusado y la sociedad. Sin restarle importancia, hemos de evitar caer en un hipnotismo judicial de efectos paralizantes. Después de todo, cabe recordar que ni aun la detención preventiva antes del juicio en exceso de seis (6) meses —ilegal al amparo del Art. II, Sec. 11 de la Carta de Derechos, Const. E.L.A., L.P.R.A., Tomo 1— es motivo de exoneración ni para que el proceso continúe. *Pueblo v. Ortiz*, 76 D.P.R. 247 (1954). Como corolario, menos puede justificarse para archivar defi-

nitivamente un primer proceso, en virtud de la Regla 247 de Procedimiento Criminal, *supra*, la cual queda en reserva para usarse por el tribunal de posteriormente activarse la causa criminal y repetirse la misma situación.

Por los fundamentos expuestos, *se dictará sentencia modificatoria de la resolución del tribunal de instancia a los fines de estimar el sobreseimiento de las acusaciones bajo la Regla 64(n) de Procedimiento Criminal, supra.*

El Juez Presidente Señor Pons Núñez y la Juez Asociada Señora Naveira de Rodón concurren con el resultado sin opinión escrita. El Juez Asociado Señor Hernández Denton emitió opinión disidente.

—O—

Opinión disidente emitida por el Juez Asociado Señor Hernández Denton.

Luego de cinco (5) meses de tardanza en la celebración del juicio debido a la incomparecencia y aparente falta de interés de la perjudicada, el Tribunal Superior, Sala de Carolina, decidió sobreseer la acusación bajo la Regla 247 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Contrario a la posición asumida por una mayoría del Tribunal, confirmaría la decisión del foro de instancia.

I

El 4 de junio de 1985 se presentaron denuncias en contra del acusado David Monge Sánchez por los delitos de violación, sodomía, robo y agresión agravada. Ese mismo día fue encarcelado por no poder prestar la fianza que le fue impuesta. Permaneció hasta que se resolvió su solicitud de hábeas corpus siete (7) meses después.

Por enfermedad de la víctima, la vista preliminar fue suspendida en cuatro (4) ocasiones. El 30 de octubre de 1985 se

determinó causa probable. Después de varias interrupciones, el juicio fue señalado para el 8 de abril de 1986. Para ese día la representación legal del acusado tenía señalado otro juicio y no podía comparecer. Por esta razón el caso fue transferido para el 15 de mayo. En esa ocasión la víctima, testigo principal del Ministerio Público, no compareció. La defensa solicitó suspensión y renunció expresamente a los términos. La vista se transfirió para el 16 de septiembre. En esta tercera ocasión la perjudicada tampoco compareció. El Ministerio Público señaló que se le había informado que se desconocía su paradero. El 7 de octubre se informó al tribunal que la testigo estaba desaparecida y que, aparentemente, no tenía interés en continuar con el caso.

El 15 de octubre, aproximadamente un (1) año después de la determinación de causa probable, el ministerio informó que las gestiones realizadas para localizar a la testigo habían sido infructuosas. La defensa entonces solicitó el archivo de la causa a base de la Regla 247(b) de Procedimiento Criminal, *supra*. El Ministerio Público se opuso y señaló que no existía fundamento para archivar bajo esta regla. Sostuvo que, en todo caso, se debía desestimar bajo la Regla 64(n) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El tribunal decidió sobreseer la acción bajo la Regla 247(b) de Procedimiento Criminal, *supra*, fundándose en la falta de interés de la perjudicada. Es de esta resolución que el Procurador General recurre ante nos.

## II

La Regla 247 de Procedimiento Criminal, *supra*, señala las tres (3) circunstancias en que un tribunal puede conceder el sobreseimiento de una acusación. Además, señala los efectos de esta decisión al disponer que todo sobreseimiento será con perjuicio:

## REGLA 247. SOBRESEIMIENTO

(a) *Por el Secretario de Justicia o fiscal.* El Secretario de Justicia o el fiscal podrán, previa aprobación del tribunal, sobreseer una acusación con respecto a todos o algunos de los acusados, y el proceso contra dichos acusados quedará terminado. Excepto según se dispone en el apartado (c) de esta regla, dicho sobreseimiento no podrá solicitarse durante el juicio, sin el consentimiento de dichos acusados.

(b) *Por el tribunal; orden.* Cuando ello sea conveniente para los fines de la justicia y previa celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso.

(c) *Exclusión de acusado para prestar testimonio.* En un proceso contra dos o más personas el tribunal podrá en cualquier momento después del comienzo del juicio pero antes que los acusados hubieren comenzado su defensa, ordenar que se excluya del proceso a cualquier acusado, de modo que pueda servir de testigo de El Pueblo de Puerto Rico. Cuando se hubiere incluido a dos o más personas en la misma acusación y el tribunal fuere de opinión que no existen pruebas suficientes contra uno de los acusados, deberá decretar que se le excluya del proceso, antes de terminarse el período de la prueba, de modo que pueda servir de testigo a su compañero.

(d) *Efectos. El sobreseimiento decretado de acuerdo con esta regla impedirá un nuevo proceso por los mismos hechos.* (Énfasis suplido.) 34 L.P.R.A. Ap. II.

En el caso de autos, el tribunal de instancia decidió sobreseer la acusación en pro de la justicia al amparo de la Regla 247(b) de Procedimiento Criminal, *supra*, por lo que el Ministerio Público estaba impedido de presentar una nueva acusación por los mismos hechos. Sin embargo, el Procurador General sostiene que el efecto del inciso (d) de la regla se debe aplicar únicamente a la decisión de sobreseer bajo la Regla 247(c) de Procedimiento Criminal, *supra*. Propone que cada inciso de la regla actual tiene un efecto distinto y que por esto la Regla 247(d) de Procedimiento Criminal, *su-*

*pra*, no es aplicable a todos los apartados. Señala que el efecto con perjuicio de esta Regla 247(d) sólo debe aplicar al inciso (c).

La redacción del inciso (b) de la Regla 247 de Procedimiento Criminal, *supra*, proviene del Art. 451 del Código de Enjuiciamiento Criminal de 1902.[1] Sin embargo, el efecto de un sobreseimiento bajo el Código de Enjuiciamiento Criminal era distinto al efecto actual de la Regla 247 de Procedimiento Criminal, *supra*, ya que el Art. 452 del Código de Enjuiciamiento Criminal de 1902 disponía que el sobreseimiento sería con perjuicio sólo en casos de delitos menos graves.[2] En cambio, el inciso (d) de la regla actual le dio el mismo efecto con perjuicio a todos sus incisos. Regla 247(d) de Procedimiento Criminal, *supra*.

El Procurador General sostiene ante nos que esto es una "anomalía" que debe ser corregida. Concluye que debe haber discreción para que los tribunales puedan decidir archivar sin perjuicio bajo la Regla 247(b) de Procedimiento Criminal, *supra*, como habrían podido hacer bajo el Art. 451 del Código de Enjuiciamiento Criminal de 1902. Véase E.L. Chiesa, *Efecto de la desestimación de la denuncia o acusación: impedimento o no para un nuevo proceso*, 54 Rev. Jur. U.P.R. 495 (1987). Examinado cuidadosamente el historial legislativo de la regla, concluimos que no existe esa "anomalía". Veamos.

---

[1] "ART. 451. —El tribunal, ya por su propio acuerdo ó ya á petición del fiscal y en pro de la justicia, puede decretar el sobreseimiento de una causa ó de una acusación. Las causas de sobreseimiento deben exponerse en el auto que al efecto se dicte, el cual se insertará en el acta del proceso." *Estatutos revisados y códigos de Puerto Rico*, San Juan, Boletín Mercantil Press, pág. 789.

[2] "ART. 452. —Un auto para el sobreseimiento de una causa, según lo prescrito en este capítulo, imposibilita la formación de otro proceso por el mismo delito, si éste es un 'misdemeanor' (delito menos grave); pero no así cuando el delito es un 'felony' (delito muy grave)." *Estatutos revisados y códigos de Puerto Rico, op. cit.*, pág. 789.

El 10 de octubre de 1958 la Comisión de Procedimiento Criminal de la Conferencia Judicial sometió un informe al Tribunal Supremo en el cual propuso la adopción de un nuevo cuerpo de reglas. Texto del informe rendido al Tribunal Supremo de Puerto Rico proponiendo las Reglas de Procedimiento Criminal para el Tribunal General de Justicia de Puerto Rico—Conferencia Judicial de Puerto Rico, Comité sobre Procedimiento Criminal, noviembre de 1958. Ya en este proyecto se disponía que todo sobreseimiento, a base de los fundamentos de la actual Regla 247 de Procedimiento Criminal, *supra*, sería con perjuicio. Dos (2) años después, el Tribunal Supremo aprobó por primera vez y remitió a la Asamblea Legislativa un cuerpo de Reglas de Procedimiento Criminal para el Tribunal General de Justicia. El texto propuesto expresamente disponía que un sobreseimiento al amparo de cualquiera de las causas de la Regla 247 de Procedimiento Criminal, *supra*, sería con perjuicio. Este cuerpo de reglas fue el producto del estudio y las discusiones de todos los miembros del Tribunal. De hecho, no todos estuvieron de acuerdo sobre la redacción apropiada para algunas reglas y así se hizo saber a la Legislatura.

Por otro lado, en un informe preparado con el fin de hacer recomendaciones a los comités de lo jurídico de la Cámara y del Senado, el Departamento de Justicia se opuso a esta redacción de la Regla 247 de Procedimiento Criminal, *supra*. Recomendó que no se alterara el estado de derecho anterior bajo los Arts. 451 y 452 del Código de Enjuiciamiento Criminal de 1902. A esos efectos sugirió "que en relación a este inciso (b) de esta Regla debe dejarse en vigor las disposiciones contenidas en el Artículo 452 del Código de Enjuiciamiento Criminal, en el sentido de que solamente impide el procesamiento por un delito menos grave que surge de los hechos, pero no por un delito grave que surge de los mismos". Seminario sobre las Propuestas Reglas de Procedi-

miento Criminal, Departamento de Justicia, División de Investigaciones y Asuntos Criminales, 1960, pág. 288.

Las reglas propuestas por el Tribunal no pudieron ser discutidas en la Legislatura ese año y, por esto, fueron desaprobadas. Ley Núm. 76 de 13 de junio de 1960. El Tribunal sometió las reglas una vez más en 1961 y 1962, pero en ambas ocasiones la Legislatura no las aprobó. Ley Núm. 127 de 27 de junio de 1961 y Ley Núm. 86 de 21 de junio de 1962. Finalmente, las reglas fueron aprobadas por la Asamblea Legislativa en su sesión de 1963. El informe de la Comisión de lo Jurídico Penal del Senado revela un proceso decisional cuidadoso y exhaustivo por parte de ese cuerpo legislativo "fundad[o] en el estudio hecho de todas y cada una de las Reglas de Procedimiento Criminal sometidas por el Tribunal Supremo y en el convencimiento de que su adopción traerá consigo un marcado mejoramiento en la administración de la Justicia en su aspecto penal". 17 Diario de Sesiones de la Asamblea Legislativa (Ordinaria), T. 5, pág. 1932 (1963). De lo anterior se desprende que las reglas fueron aprobadas después de un largo e intenso proceso deliberativo tanto por parte de la Comisión de Procedimiento Criminal de la Conferencia Judicial y de los miembros de este Tribunal, como por la Cámara de Representantes y el Senado de Puerto Rico. El Departamento de Justicia también tuvo la oportunidad de comparecer en todas las etapas deliberativas y sus recomendaciones fueron consideradas tanto por esta Rama como por el Poder Legislativo.(3)

---

(3) Las recomendaciones de la Conferencia Judicial y del Departamento de Justicia fueron transmitidas al Tribunal Supremo, donde fueron objeto de consideración. Sin embargo, no fueron acogidas y el Tribunal decidió aprobar la Regla 247 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, sin cambio alguno y someter en 1961 el mismo texto presentado anteriormente. M.A. Velázquez y A. Ferrer, *Breve comentario sobre las nuevas Reglas de Procedimiento Criminal de Puerto Rico*, 1 Rev. Jur. U.I.A. 35, 36–37 (1964).

Desde la aprobación de las reglas, la Comisión de Procedimiento Criminal de la Conferencia Judicial ha examinado cuidadosamente su desarrollo y ha sugerido enmiendas. Véase, por ejemplo, el Informe preliminar del Comité de Procedimiento Civil de la Conferencia Judicial de Puerto Rico de 1974. Sin embargo, en ningún momento han recomendado cambios a la Regla 247 de Procedimiento Criminal, *supra*. Tampoco se ha cuestionado su redacción ni sus efectos. Todo lo contrario. En repetidas ocasiones se ha señalado que la regla es "clara, concisa y directa". Informe sobre las Reglas de Procedimiento Criminal de Puerto Rico según revisadas por el Secretariado de la Conferencia Judicial, 1985, pág. 436. Véanse, además, el informe de 1978 y sus revisiones de 1981, 1982 y 1983.

Un examen del lenguaje de la Regla 247 de Procedimiento Criminal, *supra*, revela que el inciso (d) es claro y preciso. No es ambiguo ni se puede interpretar de distintas maneras. Ante un lenguaje tan claro y un historial legislativo tan extenso, la conclusión es inevitable: todo sobreseimiento al amparo de la Regla 247 de Procedimiento Criminal, *supra*, es con perjuicio. Los tribunales tienen discreción para decidir sobreseer, pero no para alterar el efecto de esa decisión.

En el caso de autos, el Ministerio Público argumentó que el tribunal no debía ejercer esa discreción porque se trataba de un problema de tardanza en la celebración del juicio. Alegó que se debía desestimar bajo la Regla 64 de Procedimiento Criminal, *supra*, y no archivarse bajo la Regla 247 de Procedimiento Criminal, *supra*. Esto le habría permitido una nueva presentación del pliego acusatorio. Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En estas circunstancias, antes de disponer finalmente del recurso, procede que analicemos la relación entre la desestimación del pliego acusatorio bajo la Regla 64 y el sobreseimiento de la acusación bajo la Regla 247 de Procedimiento Criminal, *supra*.

## III

Anteriormente nos expresamos sobre la relación entre la desestimación al amparo de la Regla 64(n), y el sobreseimiento provisto por la Regla 247 de Procedimiento Criminal, *supra*. En *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975), concluimos que un sobreseimiento bajo la Regla 247(b) de Procedimiento Criminal, *supra*, era el vehículo adecuado para vindicar una crasa violación al derecho a juicio rápido. Al considerar los hechos particulares del caso señalamos que, debido a la gran cantidad de suspensiones y a una tardanza de más de un (1) año en la celebración de la vista preliminar, era necesario decretar un sobreseimiento.

Dos (2) años después, en *Pueblo v. Montezuma Martínez*, 105 D.P.R. 710 (1977), concluimos que una tardanza de diecinueve (19) días en la celebración de la vista preliminar no justificaba una solución tan drástica. Aunque resolvimos conceder una desestimación, advertimos que "otra dilación excesiva e injustificada" podría llevar a la concesión de un archivo definitivo. Íd., pág. 713.

En ninguno de estos casos tuvimos la oportunidad de formular criterios que los tribunales debían considerar antes de discutir un sobreseimiento bajo la Regla 247 de Procedimiento Criminal, *supra*. Sin embargo, de la controversia surgida en este caso, es evidente la necesidad de definir los criterios que los tribunales deben examinar al resolver cuestiones análogas en el futuro.

En primer lugar, es preciso examinar la naturaleza de la acusación incluyendo el tipo de actividad delictiva en cuestión, su seriedad, la frecuencia con que se archivan causas del mismo tipo y el impacto del sobreseimiento sobre la administración de la justicia y los derechos del acusado. Además, en casos como el presente, donde se reclama una tardanza excesiva como fundamento para el sobreseimiento, deben estudiarse los criterios aplicables a la razonabilidad de las tardanzas y las suspensiones. Véase *Pueblo v. Rivera*

*Tirado*, 117 D.P.R. 419 (1986). Factores tales como la duración de la tardanza, sus razones, el historial de suspensiones previas y la conducta negligente o diligente de las partes representan, de su faz, elementos necesarios para justipreciar la procedencia de un archivo en pro de la justicia. Además, es necesario estudiar el potencial de perjuicio para el acusado de una desestimación. A tales efectos, conviene inquirir si ha habido una encarcelación indebida u opresiva antes del juicio, el tipo de daño ocasionado a la defensa por la dilación, el grado de interferencia con la libertad de la persona y el efecto perjudicial de posponer una decisión final sobre su empleo, sus recursos económicos y su reputación. *Pueblo v. Rivera Tirado*, supra; *Moore v. Arizona*, 414 U.S. 25 (1973).

Aunque los factores identificados anteriormente constituyen elementos necesarios en la determinación final de la controversia, estos no son todos los factores que un tribunal puede estudiar para determinar si procede un sobreseimiento. El tribunal puede considerar otros factores que le permitan hacer el balance entre la libertad del individuo y el interés del Estado en encauzar a los responsables de actos delictivos. Tampoco significa que los factores tienen un valor asignado ni que deban concurrir cierto número de ellos para que se justifique el archivo. Tanto la defensa como el Ministerio Público deben tener derecho a expresarse sobre la corrección o conveniencia de decretar un sobreseimiento. En última instancia, cada caso deberá resolverse de acuerdo con sus circunstancias particulares y así deben ser explicados por el Tribunal en su decisión. Ante este trasfondo doctrinal, examinemos las circunstancias que rodearon la decisión de autos para determinar si erró el tribunal de instancia al decretar el archivo.

## IV

La seriedad del delito en este caso es patente. Ello motivó precisamente varias suspensiones. A pesar de que el Mi-

nisterio Público no cumplió con el deber de probar la diligencia al tratar de lograr la comparecencia de la testigo, el tribunal concedió tres (3) suspensiones durante un espacio de cuatro (4) meses para permitir que localizara su prueba.

La razón ofrecida para la tardanza fue la ausencia de una testigo esencial del Ministerio Público. Desde *Pennington v. Corte*, 60 D.P.R. 260 (1942), hemos reconocido que es excusable una tardanza en la celebración de un juicio por la ausencia de un testigo esencial. Sin embargo, en *Pueblo v. Carrión Roque*, 99 D.P.R. 362 (1970), se concluyó que para llegar a esta determinación es necesario que el Ministerio Público demuestre a satisfacción del tribunal que ha sido diligente al tratar de obtener la comparecencia del testigo y que éste podrá comparecer a declarar en una fecha próxima.

En el caso de autos, el fiscal se limitó a señalar que desconocía el paradero de la perjudicada y que le habían informado que ésta no tenía interés en el proceso. Evidentemente, no podía asegurar que la testigo comparecería en algún momento en el futuro. La tardanza desde que desapareció la perjudicada fue de cinco (5) meses. Esta dilación fue excesiva. No había múltiples acusados ni representación legal pluralista, y el juicio se ventilaría ante tribunal de derecho. *Pueblo v. Rivera Tirado*, supra. En fin, existían pocas posibilidades de que se lograra su cooperación. En estas circunstancias, la falta de la testigo no es justa causa para otra tardanza en el proceso.

El perjuicio para el acusado se ha manifestado de varias formas. Luego de la determinación de causa probable para el arresto, fue encarcelado por no poder prestar la fianza. Estuvo encarcelado seis (6) meses hasta que presentó un hábeas corpus para que se decretara su libertad. El trámite y resolución de éste tomó otro mes. En total, el acusado sufrió siete (7) meses de cárcel en espera del comienzo del juicio. Además, aun cuando el acusado renunció expresamente a los términos el día de la primera suspensión, no desistió de su

derecho a ser juzgado posteriormente en un término razonable. *Pueblo v. Carrión Roque,* supra, pág. 364. Los antecedentes y vicisitudes procesales de este caso revelan que el acusado ha tenido que enfrentarse a la preocupación continua e incertidumbre que representa la tardanza excesiva en la celebración del juicio. Él tiene derecho a no permanecer indefinidamente bajo la ansiedad que representa una posible acción penal en su contra.

Finalmente, el ministerio tuvo amplia oportunidad para oponerse al sobreseimiento y argumentar a su favor. El tribunal escuchó los planteamientos de ambas partes y decidió, de acuerdo con su propio criterio, según requiere la Regla 247(b) de Procedimiento Criminal, *supra.*

Una vez considerados cuidadosamente los factores expuestos, llegamos a la conclusión de que procedía el sobreseimiento en este caso. El Ministerio Público no ha demostrado que el tribunal de instancia haya abusado de su discreción al conceder el archivo en pro de la justicia. No debemos alterar la decisión del tribunal sentenciador.

Por los fundamentos expuestos, disiento de la decisión adoptada por este Tribunal.