EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Pablo A. Gómez Miranda<br><br>Recurrido | Certiorari<br><br>2005 TSPR 185<br><br>166 DPR \_\_\_\_ |
| --- | --- |

Número del Caso: CC-2004-706

Fecha: 8 de diciembre de 2005

Tribunal de Apelaciones:

       Región Judicial de Ponce

Juez Ponente:

       Hon. Rafael L. Martínez Torres

Oficina del Procurador General:

       Lcda. Eva S. Soto Castelló
       Procuradora General Auxiliar

       Lcdo. Salvador J. Antonetti Sttutts
       Procurador General

Abogados de la Parte Recurrida:

       Lcdo. Alberto Negrón Negrón
       Lcdo. Victor M. Marrero Torres

    Materia: Infr. Art. 95 C.P.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.                   CC-2004-706       Certiorari

Pablo A. Gómez Miranda

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico a 8 de diciembre de 2005.

Nos corresponde determinar si, a la luz de las circunstancias excepcionales que dieron lugar a la controversia que nos concierne, el Ministerio Público tiene autoridad para solicitar el archivo de una acusación sin que ello sea un impedimento para un nuevo proceso.

I

En abril de 2003 el Tribunal de Primera Instancia determinó causa probable para arresto contra el Sr. Pablo A. Gómez Miranda (en adelante, Gómez Miranda) por el delito de agresión agravada **en su modalidad menos grave.**

Art. 95 del Código Penal de 1974, 33 L.P.R.A. sec. 4032.

Posteriormente, un miembro de la Policía de Puerto Rico distinto al que llevó a cabo la investigación original, reexaminó el caso. Dicha investigación reveló que Gómez Miranda es profesor en la Escuela Walter Mck. Jones de Villalba y que la víctima era su alumno. En vista de lo anterior, el Ministerio Público presentó una denuncia contra Gómez Miranda por el delito grave de "negligencia institucional" tipificado en el Art. 53 de la Ley Núm. 342 de 1999, 8 L.P.R.A. sec. 443 (r), mejor conocida como la "Ley para el Amparo a Menores en el Siglo XXI".[1] No obstante, una vez presentada la denuncia correspondiente, el foro de instancia determinó causa para arresto por agresión agravada en su modalidad grave[2] en lugar de por el delito de negligencia institucional.

Llegado el día en que debía celebrarse el juicio en su fondo del primer caso, el cual era por delito menos grave, el Ministerio Público solicitó el archivo del mismo para continuar con la acción penal iniciada en el segundo caso, el cual era por delito grave. Mientras esto ocurría, la defensa permaneció en silencio a pesar de que conocía que

---

[1] Como parte de dicha investigación, el niño perjudicado declaró, en síntesis, que su maestro, Gómez Miranda, le pegó en la espalda porque él se sentó en el piso. Señaló, además, que se sentó "porque estaba cansado". Por último, el niño declaró que luego de pegarle Gómez Miranda le dijo "y ahora díselo a tus padres".

[2] La determinación de causa en el foro de instancia se fundamentó en el inciso (d) del Artículo 95 del Código Penal de 1974 el cual preceptúa, en lo pertinente, que el delito de agresión agravada se considerará grave "cuando se cometiere...por un adulto en un niño menor de doce (12) años".

ya estaban pendientes cargos por un delito mayor contra Gómez Miranda. El Tribunal de Primera Instancia accedió a lo solicitado por el Ministerio Público en vista de que "se radicó un caso grave". Por ende, ordenó el archivo del primer caso al amparo de la Regla 247 (a) de Procedimiento Criminal, bajo el entendido de que ello no impedía la continuación del proceso por delito grave instado en el segundo caso contra Gómez Miranda.

Así las cosas, en el segundo caso se presentó acusación contra Gómez Miranda por el delito de agresión agravada en su modalidad grave. Oportunamente, la defensa solicitó la desestimación de la acusación al amparo de la Regla 247 (d) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247 (d). Alegó, en síntesis, que la desestimación de la denuncia presentada en contra de Gómez Miranda en el primer caso impide la continuación de los procedimientos en el segundo. Ello en virtud de que los hechos imputados en ambos casos son los mismos. El foro de instancia acogió los argumentos de la defensa y ordenó el archivo y sobreseimiento de la acusación por agresión agravada en su modalidad grave bajo la Regla 247 (d) de Procedimiento Criminal.

Inconforme, el Ministerio Público acudió mediante *certiorari* ante el Tribunal de Apelaciones solicitando la revocación de la determinación del foro de instancia. Argumentó que en situaciones como las del caso de autos lo que procede es que el Ministerio Público solicite el

archivo de la acción original e inicie otra por los mismos hechos. El foro apelativo denegó expedir el auto solicitado.

Aún inconforme, el Ministerio Público acudió ante nos mediante una petición de *certiorari* solicitando que revoquemos tanto la determinación del Tribunal de Apelaciones como la del foro de instancia. Expedimos el auto solicitado. Luego de examinar las comparecencias de las partes, procedemos a resolver.

II

A.

Para expresarnos sobre la controversia que nos concierne, es necesario aclarar el significado de la Regla 247 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 247.[3]

Dicha Regla contiene cuatro incisos. El primero regula lo concerniente a la manera en que el Ministerio Público puede solicitar el sobreseimiento de una acusación. El segundo, por su parte, dispone el proceso mediante el cual un tribunal puede decretar el archivo de una acusación o denuncia. El tercero se refiere a las normas que regulan el archivo de unos cargos contra un acusado para que éste pueda servir como testigo del Pueblo o de la defensa. El último apartado regula el efecto que tiene el

---

[3] La Regla 247 de Procedimiento Criminal regula la forma en que el Ministerio Público puede solicitar el archivo de una acusación, el trámite que debe seguir el Tribunal para archivarla, y el efecto que debe tener el sobreseimiento del proceso.

sobreseimiento con relación a la posibilidad de comenzar un nuevo proceso por los mismos hechos.

En cuanto a este último inciso, hemos expresado que el archivo de una denuncia o acusación bajo la Regla 247 impide un nuevo proceso por los mismos hechos. <u>Pueblo v. Monge Sánchez</u>, 122 D.P.R. 590, 593-594 (1988). **Al establecer dicha normativa, nos negamos a reescribir la Regla 247 con el propósito de acoger la tesis avalada por el Ministerio Público en ese caso de que el inciso (d) de la Regla no necesariamente impide un nuevo proceso por los mismos hechos.**[4] *Id.*

Conforme a los términos expresos de la misma, la Regla 247 puede ser invocada tanto a petición del Ministerio Público como por el tribunal *motu proprio*. Además, hemos resuelto que una solicitud del acusado de que se archive con impedimento para un nuevo proceso al amparo de la referida regla "es susceptible de ser incorporada en el ánimo y conciencia del juez, y finalmente proyectarse como una de instancia propia independientemente del interlocutor originario del pedido." *Id. Véase también* a Ernesto L. Chiesa, *supra*, en la pág. 274.

---

[4] La teoría del Ministerio Público en ese caso era que el apartado (d) de la regla debía interpretarse de forma tal que impida un nuevo proceso sólo cuando el archivo se ordenase al amparo de la Regla 247 (c). Dicha posición encuentra apoyo en varios escritos del Profesor Ernesto L. Chiesa. *Véase* a Ernesto L. Chiesa Aponte, *Efecto de la Desestimación de la Denuncia o Acusación: Impedimento o no para un nuevo proceso*, 54 Rev. Jur. U.P.R. 495 (1985), y Ernesto L. Chiesa Aponte, III Derecho Procesal Penal de Puerto Rico y los Estados Unidos 264-267 (Forum, 1993).
   **No obstante, como acabamos de señalar, en <u>Monge Sánchez</u>, explícitamente rechazamos adoptar dicha postura.**

B.

Por otro lado, la Regla 64 de Procedimiento Criminal permite solicitar la desestimación de una acusación o denuncia por cualesquiera de los fundamentos allí esbozados. En dicha Regla se regula tanto el momento apropiado para la presentación de la solicitud de desestimación, como los requisitos que debe tener la moción, y el efecto que tiene que se declare con lugar la petición.

De otra forma, conforme a lo preceptuado en la Regla 67 de Procedimiento Criminal, una desestimación al amparo de la Regla 64 usualmente no impide un nuevo proceso por los mismos hechos. Pueblo v. Carrión Rivera, 2003 T.S.P.R. 98, res. el 6 de abril de 2004. No obstante, una desestimación ordenada bajo esta regla impide un nuevo proceso en dos instancias, a saber: (1) cuando el defecto u objeción en que se fundamenta la petición de desestimación es insubsanable, y (2) cuando, tratándose de un delito menos grave, la moción es declarada con lugar por alguno de los fundamentos establecidos en la Regla 64(n).

Como norma general, el mecanismo de desestimación provisto por la Regla 64 sólo está disponible a petición de la defensa. Pueblo v. Tribunal Superior, 94 D.P.R. 59, 63 (1967). No obstante, como explicaremos a continuación, pueden surgir circunstancias en las que, a manera de excepción, se le debe permitir al Ministerio Público

solicitar la desestimación de la acusación mediante la referida regla.

C.

En Pueblo v. Monge Sánchez, *supra*, y en Pueblo v. Echevarría Rodríguez, 128 D.P.R. 752, (1991), tuvimos la oportunidad de analizar con detenimiento la interrelación entre las Reglas 64 y 247 de Procedimiento Criminal. En ambos casos reconocimos que la aplicación ciega y automatizada de los mecanismos de desestimación y archivo de acusación establecidos en dichas reglas pueden dar lugar a injusticias.

En vista de lo anterior, en Monge Sánchez, *supra*, señalamos que un tribunal tiene facultad para ordenar el sobreseimiento de un caso con impedimento para un nuevo proceso al amparo de la Regla 247 aún cuando la solicitud de desestimación fue solicitada por la defensa al amparo de la Regla 64. *Véase también* a Ernesto L. Chiesa Aponte, *supra*, en la pág. 272.

Por otro lado, en Echevarría Rodríguez, *supra*, avalamos la práctica de que en casos en que sea patentemente injusto sobreseer la acusación bajo la Regla 247, el Ministerio Público puede, a manera de excepción y en pro de la justicia, solicitar la desestimación del caso sin impedimento para un nuevo proceso. Por ello, a petición del fiscal, el juez puede incorporar a su ánimo y conciencia que la desestimación solicitada procede conforme a la Regla 64, a pesar de que, como norma general, esta

regla sólo puede ser invocada por la defensa. *Véase a* Ernesto L. Chiesa, *supra*, en la pág. 274.

Debemos recalcar, no obstante, que la interpretación que en Echevarría Rodríguez, *supra,* hicimos de la Regla 64 debe entenderse a la luz de los hechos excepcionales que dieron lugar a dicha controversia. Por esto, nos parece que un tribunal solo tiene autoridad para acoger una petición del Ministerio Público de archivar una acusación sin perjuicio cuando las particulares circunstancias del caso reflejan que decretar el archivo con impedimento para un nuevo proceso resultaría en una gran injusticia.[5]

A la luz de esta normativa, pasemos a discutir la situación que tenemos ante nos.

### III

El Ministerio Público alega que, **en situaciones como la del caso de autos**, lo procedente es que el Estado solicite el archivo de la acción original, sin impedimento

---

[5] Lo potencialmente injusto de la Regla 247 quedó ilustrado por los hechos fácticos y procesales que dieron lugar al caso de Pueblo v. Echevarría, *supra*. Allí señalamos que declarar el sobreseimiento de la acusación en el referido caso bajo la Regla 247 hubiese sido "en pro de una injusticia" pues el asesinato de Vigoreaux hubiese quedado impune.

Por ello, el foro de instancia accedió a la petición del fiscal de archivar la acusación sin impedimento para un nuevo proceso al amparo de la Regla 64 ya que "cualquier otra interpretación daría al traste con el principio enunciativo de que tanto las leyes como las Reglas y las normas jurídicas deberán interpretarse razonablemente, asegurando que tal interpretación no lleve a resultados absurdos, de modo que aseguren la tramitación más justa y económica de todo procedimiento." *Id.*, en las págs. 786-787 (Op. Concurrente).

para un nuevo proceso, e inicie otra por los mismos hechos. Le asiste la razón.

Aquí el Ministerio Público solicitó la desestimación por el delito menos grave en vista de que la reinvestigación del caso culminó en la radicación de cargos por delito grave por los mismos hechos. El foro de instancia accedió y ordenó el archivo bajo la Regla 247(a).

**De entrada, debemos reconocer que el foro de instancia no tenía facultad en ley para ordenar el archivo sin perjuicio para un nuevo proceso al amparo de la Regla 247(a).** Como hemos señalado, conforme a lo resuelto por nosotros en Monge Sánchez, *supra*, todo sobreseimiento decretado bajo dicha regla es con impedimento para un nuevo proceso.

A pesar de lo anterior, resulta claro que cuando el tribunal accedió originalmente a la solicitud del Estado de archivar la denuncia, **el entendido tácito era que ello se hacía sin perjuicio de continuar la acción por el delito grave**. Esto se desprende del hecho que el foro de instancia hizo constar en su minuta que "[e]l ministerio público, luego de hablar con los padres del perjudicado, solicita el archivo del caso **ya que se radicó un caso grave**. Se ordena el archivo del caso por la R. 247(a)".

En virtud de lo antes expuesto, nos parece que el tribunal no estaba impedido de ordenar el archivo del primer proceso de la manera en que lo hizo, es decir, sin perjuicio. Ello porque, como ya hemos señalado, el tribunal

puede, **a modo de excepción**, acoger una solicitud del Ministerio Público de archivar una acusación sin perjuicio cuando las circunstancias del caso claramente revelan que sería injusto ordenar el archivo con impedimento para un nuevo proceso.

En cuanto a la controversia que nos ocupa, **las actuaciones de la defensa ante el curioso tracto procesal de este pleito nos convencen de que sería injusto considerar que el archivo decretado en el primer proceso impedía la continuación de los procedimientos en el segundo.** Nótese que la representación legal de Gómez Miranda en ningún momento objetó a que el Ministerio Público solicitara el sobreseimiento del proceso por delito menos grave con el fin de continuar con el caso por delito grave. Del mismo modo, la defensa tampoco objetó en el momento en que el tribunal accedió al pedido del Ministerio Público precisamente porque se había radicado un caso grave. De otra forma, no es hasta cinco meses después de presentado el pliego acusatorio por el delito grave que la defensa presentó la moción de desestimación bajo la Regla 247.

**Bajo tales circunstancias, es forzoso concluir que la defensa tácitamente accedió a que el primer proceso se archivara sin impedimento para uno nuevo. En virtud de ello, entendemos que Gómez Miranda renunció a cualquier planteamiento que pudo haber tenido en contra de dicho proceder en el momento en que optó por no objetar el curso**

**de acción tomado por el foro de instancia.** Por ende, consideramos que la defensa no podía sostener en el segundo proceso que el efecto del desistimiento de la fiscalía en el primer caso fue impedir un nuevo procedimiento por los mismos hechos cuando cinco meses antes consintió a que se archivara, sin perjuicio, la acusación radicada en su contra.[6]

Por tales razones, somos del criterio de que erraron tanto el foro de apelaciones como el foro de instancia al ordenar el sobreseimiento de la acción por delito grave contra Gómez Miranda. Ello porque el tribunal a cargo del primer proceso ordenó el archivo de la acusación bajo el entendido claro de que dicha actuación no impedía otro procedimiento contra Gómez Miranda por los mismos hechos.[7]

IV

Por los fundamentos anteriormente expresados, se revocan las determinaciones tanto del Tribunal de

---

[6] Resulta claro que la defensa utilizó astutamente la referida estrategia con el obvio propósito de crear un obstáculo para impedir el encauzamiento criminal por los hechos delictivos que se le imputaron al señor Gómez Miranda.

No podemos avalar dicha actuación. Debemos recordarle tanto a la defensa como a la fiscalía que "los tribunales de justicia no existen para dilucidar competencias ni batallas de talento entre abogados y fiscales, sino que su propósito cardinal es el descubrimiento de la verdad". En atención a lo anterior, en los procesos judiciales "el que triunfe debe ser aquél a quien le asista la razón; y no el que pretenda o resulte ser el más listo o el más astuto." Pueblo v. Santiago Pérez, 2003 T.S.P.R. 161.

[7] En vista de que dicho tribunal no tenía autoridad para archivar sin impedimento para un nuevo proceso al amparo de la Regla 247, su dictamen debió acogerse como un decreto de desestimación sin perjuicio al amparo de la Regla 64.

Apelaciones como del Tribunal de Primera Instancia, y se devuelve el caso al foro de instancia para la continuación del procedimiento por delito grave instado contra Gómez Miranda.

Se dictará la Sentencia correspondiente.


                                        Federico Hernández Denton
                                            Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.              CC-2004-706       Certiorari

Pablo A. Gómez Miranda

    Recurrido

SENTENCIA

San Juan, Puerto Rico a 8 de diciembre de 2005.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revocan las determinaciones tanto del Tribunal de Apelaciones como del Tribunal de Primera Instancia, y se devuelve el caso al foro de instancia para la continuación del procedimiento por delito grave instado contra Gómez Miranda.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez concurren con el resultado sin opiniones escritas.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo