EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SU-
PERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. BAL-
DOMERO FREYRE, JUEZ, demandado; EDUARDO VEGA ORTIZ,
interventor.

*Número*: C-66-64     *Resuelto*: 23 de febrero de 1967

*J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del peticionario; *E. Armstrong de Watlington, Edna Abruña Rodríguez* y *Enrique Miranda Merced,* abogados del interventor.

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

En 4 de febrero de 1963 el Fiscal de la Sala de San Juan del Tribunal Superior radicó cinco acusaciones contra Eduardo Vega Ortiz por el delito grave de escalamiento, casos Núms. G-63-84, 85, 86 y 87 y por el delito grave de hurto mayor, Núm. G-63-88. Leídas las acusaciones se señaló el 30 de abril de 1963 para la vista de los procesos. En esta fecha el acusado manifestó no tener asistencia de abogado, se le designó asistencia legal, se nombró a petición de la defensa un tribunal de peritos para que informara si el acusado estaba en condiciones de ser procesado y se pospuso la vista para el 6 de junio de 1963. El acusado quedó oportunamente en libertad bajo fianza.

En 6 de junio no compareció el acusado. Estaba recluido en el Hospital de Psiquiatría. Se señaló la vista para el próximo 22 de julio. En esta fecha tampoco compareció el acusado y se informó al Tribunal que se hallaba en presidio. Se hizo un nuevo señalamiento para el 29 de octubre de 1963. Se pospuso esta vista para el 20 de noviembre de 1963 por no estar presente la prueba del Pueblo. En 20 de noviembre se dirimió el incidente sobre el estado mental del acusado

para procesársele y oídos los peritos médicos el Tribunal determinó que estaba mentalmente capacitado para entrar a juicio. A solicitud de la defensa se pospuso la vista del caso para el 24 de enero de 1964 y luego, a petición también del acusado, para el 24 de febrero siguiente. El Tribunal nombró abogados adicionales al acusado caso de que su representación legal no pudiera asistir a esta vista. En 24 de febrero no compareció el acusado, se ordenó su arresto por desacato y se pospuso el juicio para el 17 de abril, 1964. Tampoco compareció en esta fecha y se fijó el juicio para el 14 de mayo de 1964. Llamado el caso en este día el Alguacil informó que el acusado estaba en Estados Unidos. Se ordenó la confiscación de su fianza y se hizo un posterior señalamiento para el 25 de junio de 1964. Tampoco compareció el acusado y la Sala dispuso que la prueba no fuera citada hasta tanto él fuera localizado. En esta última fecha, 25 de junio, dictó resolución declarando a Eduardo Vega Ortiz prófugo de la justicia, ordenó que la Secretaría librara requisitorias con múltiples órdenes de arresto a ser entregadas al Superintendente de la Policía y declaró interrumpido cualquier término que pudiera ser invocado por el acusado de conformidad con cualesquiera disposiciones de la Regla 64 de las de Procedimiento Criminal. No hay más constancias en el expediente hasta el 22 de octubre de 1965 en que el fiscal informó al Tribunal que el acusado se encontraba preso en una prisión del Estado de Nueva York cumpliendo sentencias de 5 años; que sería en 1966 que la Junta de Libertad Bajo Palabra consideraría su caso y que el máximo de la sentencia no expiraría hasta septiembre 13 de 1969. Que se comunicaba esa información a la Oficina del Fiscal General para que se radicara una requisitoria y se trajera al acusado.

Hubo entonces otro señalamiento del proceso para el 22 de diciembre de 1965. El 2 de noviembre de 1965 el Jefe de la División de Investigaciones y Asuntos Criminales, el Fiscal

General José C. Aponte, se dirigió por carta al Juez Administrador Hon. Daniel E. López Pritchard, solicitando se le informara si era el interés del Tribunal que, mediante el procedimiento de extradición, se gestionara la aprehensión y traslado a Puerto Rico del acusado para ser procesado. Solicitó copias certificadas de las acusaciones radicadas, de la resolución declarándolo prófugo de la justicia así como de la requisitoria expedida ordenando su arresto. Al Fiscal Aponte se le remitieron en 18 de noviembre de 1965 las copias solicitadas de esos documentos.

En 22 de diciembre de 1965 la Sala dictó la siguiente sentencia:

### "Sentencia

"Llamado este caso para vista en el día de hoy, el Tribunal declara interrumpidos los términos prescriptivos en este caso, se ordena el archivo y sobreseimiento del mismo sin perjuicio de que el Fiscal reinstale el caso de extraditar al acusado."

Éste es el fallo que acordamos revisar por *certiorari*.

Sostiene el Procurador General que la Sala no tenía facultad para dictar la anterior sentencia, y le asiste la razón. Dispone la Regla 64(n) de las de Procedimiento Criminal de 1963 que se desestimará la acusación a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento, en los casos siguientes: (1) Que el acusado estuvo detenido en la cárcel por un total de 30 días después de su arresto sin que se hubiere presentado acusación o denuncia contra él; (2) Que no se presentó acusación o denuncia dentro de los 60 días de su arresto o citación; (3) Que el acusado estuvo detenido en la cárcel por un total de 60 días después de presentada la acusación o denuncia sin ser sometido a juicio y, (4) Que el acusado no fue sometido a juicio dentro de los 120 días siguientes a la presentación de la acusación o denuncia.

■ Esta moción para desestimar es un remedio que sólo puede concederse a petición del acusado, y de no solicitarlo, se declara renunciado.—Regla 63—Dispone esta misma Regla 63 que una moción para desestimar basada en lo provisto en la Regla 64(n)(3) ó (4) deberá presentarse antes de ser llamado el caso para juicio. Preceptúa la Regla 67 que una desestimación decretada por alguno de los fundamentos relacionados en la Regla 64(n) no impide la iniciación de otro proceso por el mismo delito, excepto en casos de delitos menos graves.

■ El récord no refleja la existencia de una situación bajo la Regla 64(n), y aun cuando la Sala pretendiera actuar bajo la misma, sería evidente en los autos la presencia de justa causa para cualquier demora. La Sala tampoco tenía facultad para ordenar la interrupción de términos prescriptivos. Aunque la resolución de 25 de junio de 1964 declarando al acusado prófugo de la justicia menciona como interrumpido cualquier término a invocarse por el acusado de conformidad con las disposiciones de la Regla 64, la sentencia objeto de este recurso no dice a qué prescripción se refiere la Sala. Si es a la de la Regla 64(n), era innecesario disponer porque ordenada la desestimación de la acusación, se comienza de nuevo a procesar por el mismo delito si éste es grave. Si es menos grave la desestimación termina definitivamente la causa.—Regla 67—Si consideramos que la sentencia se refiere a la prescripción del Art. 78 del Código Penal para la persecución de delitos graves como los aquí envueltos, no había facultad en derecho para ordenar su interrupción. Véase: *Pueblo* v. *Lugo*, 58 D.P.R. 183 (1941), en donde establecimos que el término prescriptivo de 3 años del Art. 78 del Código Penal para el ejercicio de la acción penal en casos de delitos graves no se interrumpe por los arrestos practicados a los fines de otra u otras acusaciones por el mismo delito que fueran sobreseídas por no haberse celebrado el

juicio dentro del término fijado por ley. En *Pueblo* v. *Tribunal Superior,* 84 D.P.R. 24 (1961), ratificamos la anterior norma.

A la luz de dichos casos no podía la Sala ordenar la interrupción de término prescriptivo alguno aun cuando hiciera permisible la radicación de nuevas acusaciones. Los hechos delictivos se cometieron según las acusaciones el 8 y 21 de septiembre y el 9 de octubre, de 1962. Aunque prevaleciera la sentencia recurrida de 22 de diciembre de 1965 a este acusado no se le podría radicar de nuevo las mismas acusaciones y procesársele, por razón de la prescripción de 3 años.

■ Veamos si la Sala sentenciadora tuvo facultad para actuar en virtud de lo dispuesto en la Regla 247. Dispone el Apartado (a) de esta Regla que el Secretario de Justicia o el Fiscal podrán, previa aprobación del Tribunal, sobreseer una acusación con respecto a todos o algunos de los acusados, y el proceso contra dichos acusados quedará terminado. En su Apartado (b) estatuye que el Tribunal, *a instancia propia* o a petición del Fiscal o *en pro de la justicia,* podrá decretar el sobreseimiento de una acusación o denuncia. Pero en tal caso las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso. Dispone el Apartado (d) de la Regla 247 que el sobreseimiento decretado de acuerdo con las disposiciones de la misma impedirá un nuevo proceso por los mismos hechos.

Cualquiera que sea la substancia del concepto "en pro de la justicia" la Sala no expuso en su sentencia las causas del sobreseimiento según requiere la regla aludida, y desconocemos qué fue lo que tuvo en mente.

La Sala declaró al acusado prófugo de la justicia.([1])

---

([1])El actual procedimiento ni el anterior del Código de Enjuiciamiento Criminal definen como tal lo que es un prófugo de la justicia, ni qué elementos deben existir para que un tribunal declare que determinada persona es tal prófugo. Existe más bien un concepto, producto de la práctica y de la experiencia, de quién o cuándo se puede ser un prófugo de la justicia.

La Ley Uniforme de Extradición Criminal, Ley Núm. 4 de 24 de mayo de 1960, dispone en su Art. 5 que cuando se deseare obtener la restitución al Estado Libre Asociado de Puerto Rico de una persona acusada de delito en el mismo, y esa persona se hallare recluida en una prisión—como es la situación en este caso—o detenida para responder de un delito en un procedimiento pendiente en un estado, el Gobernador podrá concertar la extradición de esa persona con las autoridades ejecutivas del estado donde ella se encontrare, antes de ésta terminar de cumplir su condena o terminarse el proceso a que estuviere sometida en dicho estado, a condición de que por cuenta del Estado Libre Asociado se devuelva dicha persona al estado donde se encontraba tan pronto termine el proceso en esta jurisdicción.

De acuerdo con el Art. 3 de dicha Ley Uniforme, el trámite de extradición requiere que la demanda al Gobernador, entre otros requisitos, esté acompañada de una copia de la acusación juntamente con copia de cualquier mandamiento de arresto o de prisión expedido o con copia de un fallo condenatorio. La acusación deberá imputar sustancialmente a la persona reclamada la comisión de un delito bajo las leyes del estado reclamante y dicha acusación deberá autenticarse por las autoridades ejecutivas que hicieren la demanda.

La Sala de instancia fue advertida que el aquí acusado se hallaba cumpliendo condena en una institución penal del Estado de Nueva York y que se deseaba poner una requisitoria a fin de que al cumplir la sentencia o en cualquier momento en que saliera del penal se pusiera bajo nuestras autoridades. Aunque un proceso una vez iniciado judicialmente no puede archivarse—*nolle prosequi*—por el Poder Ejecutivo sin la anuencia del Tribunal, es al Poder Ejecutivo a quien corresponde la responsabilidad de perseguir el delito público. En este caso la posición del Poder Ejecutivo era la de extraditar al acusado e insistir en su procesamiento. Una

vez archivadas las acusaciones no habría base para seguir un procedimiento de extradición, máxime cuando cualquier nueva acusación radicada hubiera estado prescrita.

No apareciendo los fundamentos en pro de la justicia que pudo tener la Sala, y siendo el caso que el Ministerio Público insistía en procesar al acusado mediante su extradición, no puede sostenerse tampoco la sentencia recurrida a la luz de la Regla 247 de Procedimiento Criminal.

*Se anulará la sentencia que dictó la Sala de San Juan del Tribunal Superior en 22 de diciembre de 1965 archivando estos procesos y se dispone que los mismos quedarán en pie para ulterior trámite compatible con lo aquí dispuesto.*