EL PUEBLO DE PUERTO RICO, recurrido, *v.* AURELIO LEBRÓN LEBRÓN, peticionario.

*Número:* O-83-711        *Resuelto:* 15 de enero de 1986

*Roberto Miranda,* abogado del peticionario; *Raúl Barrera Morales, Procurador General Interino, Rose Mary Corchado Lorent* y *Ricardo E. Alegría Pons, Procuradores Generales Auxiliares,* abogados de El Pueblo; *Carmen Ana Rodríguez Maldonado,* abogada de la Sociedad para Asistencia Legal, y *Olga Elena Resumil de Sanfilippo,* comparecen como *amici curiae.*

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

En vista preliminar, el magistrado que intervino determinó no causa probable basado en la inimputabilidad del acusado debido a su incapacidad mental al momento de ocurrir los hechos criminosos alegados en su contra. El fiscal acudió en alzada al Tribunal Superior, que celebró vista preliminar por sobre la objeción de la defensa y falló que el acusado es imputable. Inconforme el acusado acudió a este Tribunal contra la resolución que denegó su pedido de desestimación de las acusaciones. Resolvemos que si bien la defensa afirmativa de locura puede plantearse en la vista preliminar —*Hernández Ortega* v. *Tribunal Superior,* 102 D.P.R. 765 (1974)— ello no impide al Ministerio Público acudir a vista preliminar en alzada para una nueva determinación sobre la inimputabilidad del acusado.

I

El peticionario fue acusado por tres cargos de asesinato en primer grado, tres cargos de tentativa de asesinato, una infracción al Art. 168 del Código Penal y dos violaciones a la Ley de Armas de Puerto Rico. Los hechos ocurrieron el 9 de febrero de 1982 y las víctimas de asesinato fueron Mildred Colón Vega, ex concubina del peticionario y dos hijos de éste procreados con aquélla.

El 10 de febrero de 1982 el Ministerio Público, con base en el caso *Pueblo v. Castillo Torres*, 107 D.P.R. 551 (1978), solicitó que el peticionario fuera examinado por los psiquiatras del Estado para que se determinara su estado mental al momento de los hechos, así como su procesabilidad.

El Tribunal de Distrito de Humacao así lo ordenó y el 14 de abril de 1982 el Dr. Ramón Alonso Santiago rindió un informe sobre el estado psiquiátrico del peticionario. En él hizo constar una impresión diagnóstica de reacción disociativa severa. Recomendó que el peticionario permaneciera hospitalizado bajo tratamiento.

El 3 de mayo de 1982, fecha señalada para la vista preliminar, el Hon. Víctor Jiménez Balado, con base en el referido informe psiquiátrico, ordenó el traslado del asunto al Tribunal Superior, conforme lo establece la Regla 240(d) de Procedimiento Criminal, para que determinara el estado mental del imputado. El 1ro de septiembre siguiente se celebró la vista que requiere la Regla 240(d). El juez, luego de escuchar el testimonio del psiquiatra Dr. Abelardo Martínez, determinó que el peticionario no estaba en condiciones de ser procesado. El 3 de noviembre se celebró una nueva vista y en esa ocasión el peticionario fue encontrado procesable. El caso fue enviado al Tribunal de Distrito para que se celebrara la vista preliminar.

La defensa, amparándose en *Hernández Ortega v. Tribunal Superior*, supra, y cumpliendo con la notificación exigida por la Regla 74 de Procedimiento Criminal, notificó al Ministerio Público que plantearía la defensa de inimputabilidad por razón de enfermedad o defecto mental. El día de la vista preliminar se estipuló la prueba de cargo y la defensa presentó el testimonio de los psiquiatras Miguel A. Cubano y Guillermo Santiago como prueba pericial sobre la incapacidad mental del acusado al momento de los hechos. El fiscal no presentó prueba para establecer la sanidad mental.

El Tribunal de Distrito concluyó que el peticionario atravesaba por una reacción disociativa severa que le impedía tener conciencia de los hechos y de comprender la criminalidad del acto. Decretó que no había causa probable por razón de locura.

El Ministerio Público solicitó vista preliminar en alzada y la defensa se opuso por entender que el Tribunal Superior no podía, considerados los hechos del caso, celebrar una vista preliminar en alzada. La moción fue declarada sin lugar así como una petición de auto inhibitorio presentada ante nosotros. (¹)

Finalmente, luego de un procedimiento de *injunction* ante el Tribunal Superior para que se prohibiera la celebración de la vista en alzada y que el caso volviera nuevamente ante nosotros mediante recurso de *certiorari*, (²) se celebró la vista preliminar en alzada el 20 de mayo de 1983 en la que se determinó causa probable en todos los cargos.

El acusado presentó una moción bajo la Regla 64, incisos (f) y (p) (³) para que se desestimaran las acusaciones, pero no tuvo éxito. Acudió ante nos mediante el presente recurso para que revisemos esa determinación y solicitó que en auxilio de nuestra jurisdicción paralizáramos la celebración del juicio que estaba señalado para el 14 de noviembre de 1983. Paralizamos los procedimientos y aceptamos comparecencia como *amici curiae* de la Sociedad para Asistencia Legal y de

---

(¹) Recurso JO-83-4.

(²) Recurso O-83-312.

(³) Disponen:

"(f) Que la causa, o alguna controversia esencial de la misma, es cosa juzgada. Si la moción para desestimar se basare en este fundamento, la misma expresará el nombre del tribunal, el título del caso y la fecha y lugar del fallo anterior."

. . . . . . . . .

"(p) Que se ha presentado contra el acusado una acusación ó denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."

la Profesora Olga E. Resumil de Sanfilippo. El 10 de mayo expedimos auto de *certiorari* para revisar la resolución recurrida. Tanto el peticionario como los *amici curiae* solicitan que resolvamos que el fiscal no puede solicitar una vista preliminar en alzada cuando se declara con lugar la defensa de incapacidad mental al momento de la comisión de los hechos. Argumenta que la determinación de inexistencia de causa en estos casos equivale a una absolución. El peticionario y la profesora Resumil de Sanfilippo argumentan que permitir una vista preliminar en alzada en estos casos viola el debido procedimiento de ley y la cláusula constitucional contra la doble exposición en su modalidad de impedimento colateral según expuesta en el caso *Ashe* v. *Swenson,* 397 U.S. 436 (1969). Por su parte la Sociedad de Asistencia Legal argumenta que la norma expuesta en el caso de *Hernández Ortega* v. *Tribunal Superior,* supra, debe ser ampliada para convertir en finales las determinaciones sobre incapacidad mental, del magistrado que preside la celebración de la vista preliminar.

## II

En *Hernández Ortega* v. *Tribunal Superior,* supra, pág. 769, resolvimos que la defensa afirmativa de locura podía ser presentada en ocasión de la vista preliminar. Allí el imputado presentó prueba en contrario. El juez concluyó que el imputado estaba loco al momento de los hechos, pero determinó causa probable para acusar por entender que no podía adjudicar la defensa de locura en la etapa de vista preliminar. El acusado impugnó la determinación de causa probable pero su planteamiento fue rechazado. Mediante recurso de *certiorari* revocamos. Expresamos que "no existe razón en nuestro ordenamiento jurídico para prohibir judicialmente el planteamiento de la defensa de locura en ocasión de la vista preliminar. El Ministerio Público tendrá en tales casos, por supuesto, el beneficio de lo dispuesto en la Regla 74 de Procedimiento Criminal. Queda incólume también el principio de que es su-

ficiente en esta etapa de los procedimientos que el juez determine la existencia o no de causa probable. El juez no tiene que adjudicar finalmente si la defensa afirmativa prevalecerá o no eventualmente, fuera de toda duda, en la vista en su fondo de estos casos. Su función es estrictamente aquilatar la razonabilidad de exponer a una persona a quien se le imputa un delito a los rigores de un juicio criminal''.

■ La norma establecida por el caso de *Hernández Ortega* v. *Tribunal Superior*, supra, al permitir que la defensa de locura pueda ser promovida en vista preliminar no tiene el propósito de convertir la vista preliminar en un juicio separado para litigar la capacidad mental de un imputado. Sólo persigue darle la oportunidad al imputado de que en una etapa temprana del proceso pueda establecer mediante prueba clara y convincente que no debe ser sometido a juicio porque era inimputable al momento de los hechos. Art. 30 del Código Penal, 33 L.P.R.A. sec. 3152. En los demás casos en que la prueba de la incapacidad no sea tan clara, o en que haya testimonios periciales contradictorios, el juez no tiene que ni debe adjudicar los méritos de la defensa para que el asunto se dilucide más ampliamente en una vista en su fondo.

La posición del peticionario y de los *amici curiae* respecto a que la determinación de inexistencia de causa probable debe ser final no puede prevalecer. Hay varias razones que militan en su contra. La primera de ellas es que la Regla 24(c) de Procedimiento Criminal concede al Ministerio Público una segunda oportunidad para intentar obtener una determinación de causa probable, sin ninguna limitación. La segunda razón, y tal vez la de más peso, es que en la mayoría de los casos no hay una línea divisoria claramente definida entre lo que es conducta normal y lo que es conducta anormal, lo que unido al factor de que en la vista preliminar no se presenta toda la prueba de los hechos, puede llevar a errores en la determinación sobre la incapacidad mental. A. Golstein, *The Insanity Defense*, New Haven, Yale University Press, 1967,

pág. 35. En tercer lugar otorgarle finalidad a la determinación sobre incapacidad mental hecha en vista preliminar le impediría al imputado plantearla nuevamente en un juicio en su fondo cuando es declarada sin lugar en la vista preliminar.

A pesar de la falta de finalidad de estas determinaciones, la regla de *Hernández Ortega* v. *Tribunal Superior,* supra, cumple su propósito, porque la prueba presentada puede persuadir al Ministerio Público de la incapacidad mental del imputado y éste decidir que no debe proseguir adelante con los cargos.

El hecho de que las determinaciones de la vista preliminar no sean finales hace inaplicable la norma sobre impedimento colateral establecida en *Ashe* v. *Swenson,* supra. Este caso establece que cuando una controversia sobre un hecho esencial ha sido adjudicada por una sentencia final y válida, ese hecho no puede ser relitigado entre las mismas partes. La finalidad de la determinación es un requisito esencial para que aplique la norma sobre impedimento colateral.

Por los fundamentos expuestos, *se confirmará la resolución recurrida.*

El Juez Presidente Señor Pons Núñez no intervino.