EL PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* MIGUEL A. QUIÑONES ROMÁN y NELSON RIVERA SIERRA, acusados y recurridos.

*Número:* CE-90-500          *Resuelto:* 17 de mayo de 1997

*Norma Cotti Cruz, Subprocuradora General,* y *Blanca A. Díaz Segarra, Procuradora General Auxiliar,* abogadas del peticionario El Pueblo; *Carmen Ana Rodríguez Maldonado,* de la *Sociedad para Asistencia Legal,* abogada de los recurridos.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

Recurre ante nos el Ministerio Público de una resolución del Tribunal Superior que confirmó la determinación del Tribunal de Distrito de aceptar la alegación de culpabilidad de los acusados Miguel Quiñones Román y Nelson Rivera Sierra, y dictar sentencia en su contra, a pesar de que el Ministerio Público ya había solicitado formalmente una vista preliminar en alzada para revisar la determinación de causa probable por un delito inferior al imputado en la denuncia original. Revocamos.

I

El 10 de diciembre de 1989 se presentó una denuncia contra los recurridos por el delito de escalamiento agravado. El 9 de enero siguiente, el Tribunal de Distrito determinó causa probable por el delito menor incluido de escalamiento en su modalidad menos grave. El Fiscal no anunció en ese momento que acudiría en alzada de dicha determinación. Así las cosas, el caso fue señalado para juicio en su fondo, a celebrarse el mismo el 30 de enero ante el

Tribunal de Distrito de Puerto Rico. El 25 de ese mes, el Fiscal presentó su solicitud de vista en alzada ante el Tribunal Superior.

El 30 de enero el Ministerio Público le informó al Tribunal de Distrito que había solicitado una vista preliminar en alzada ante el Tribunal Superior para revisar la determinación de causa probable por un delito inferior y que objetaba que se continuaran los procedimientos. Solicitó de dicho foro judicial el aplazamiento de la vista del caso en su fondo, ya que, presentada la solicitud de vista preliminar en alzada, carecía de jurisdicción para ello.

Exponiendo como fundamento que los imputados no habían sido citados aún para la vista en alzada, el foro de instancia rechazó el planteamiento de falta de jurisdicción y aceptó la alegación de culpabilidad de los acusados por el delito de escalamiento en su modalidad menos grave. Los sentenció a cumplir un término de cárcel igual al que ya habían cumplido hasta esa fecha por razón de no haber podido pagar la fianza.[1] Como resultado, los acusados fueron excarcelados ese mismo día.

El Ministerio Público solicitó la reconsideración de la determinación del Tribunal de Distrito de proseguir con el encausamiento en los méritos. Ésta fue denegada, de lo cual se notificó a las partes el 20 de febrero de 1990. El 1ro de marzo el Ministerio Público presentó un recurso de *certiorari* ante el Tribunal Superior, Sala de San Juan, para revisar dicha determinación. El Tribunal Superior declaró no ha lugar ese recurso. Explicó que, no habiéndose citado a los acusados aún para la fecha en que se celebró la vista del caso en su fondo, y habiéndose recibido el señalamiento para el juicio antes de que se recibiera el señalamiento para la vista en alzada, el Tribunal de Distrito retenía jurisdicción.[2]

---

[1] Cumplieron un total de cincuenta y cuatro (54) días de prisión.

[2] En efecto, no fue sino hasta el 2 de febrero, tres (3) días después de celebrado el juicio ante el Tribunal de Distrito, que el Tribunal Superior expidió las citaciones

Oportunamente, el Ministerio Público instó una petición de *certiorari* ante esta Curia para revisar la determinación del Tribunal Superior. En su recurso sostiene que la presentación de una solicitud de vista preliminar en alzada ante el Tribunal Superior paraliza automáticamente los procedimientos en el Tribunal de Distrito. Aduce que dicha solicitud procede siempre como cuestión de derecho, con la única limitación de que se presente dentro de un término compatible con el derecho a juicio rápido.

Por su parte, los recurridos argumentan que, determinada causa probable por un delito inferior, el Tribunal de Distrito tiene jurisdicción y competencia para proceder a juzgar la causa. Para que pierda esa jurisdicción, no basta con que se presente la solicitud de vista en alzada. Sostienen que es menester que se cite a los imputados para que el Tribunal Superior adquiera jurisdicción, con exclusión del Tribunal de Distrito. Señalan que en este caso no se les notificó formalmente de la solicitud de vista en alzada ni se les citó para ésta, sino hasta pasada la vista del caso en su fondo ante el Tribunal de Distrito. Fundamentándose en esto, concluyen que el Tribunal de Distrito retuvo jurisdicción. Aducen que el Ministerio Público debió informar al Tribunal Superior que se determinó causa probable por un delito inferior, que se había señalado la vista del caso en su fondo y que debió solicitar que paralizara los procedimientos.(³) No tienen razón los recurridos.

## II

En *Pueblo v. Félix Avilés*, 128 D.P.R. 468 (1991), indicamos que cuando en la vista preliminar se determina que no existe causa probable para acusar por delito alguno,

---

para la vista en alzada. Estas fueron notificadas formalmente a la representación legal de los acusados el 5 de ese mes. Aparentemente, el acusado Nelson Rivera Sierra ni siquiera pudo ser citado formalmente por desconocerse su paradero.

(³) La solicitud de vista preliminar en alzada es un formulario preimpreso. No contempla que se desee informar sobre las mencionadas circunstancias procesales.

el imputado quedará exonerado. Regla 23(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En ese caso, el tribunal perderá su jurisdicción sobre el imputado para procesarlo por delito alguno. Para que el tribunal adquiera o retenga autoridad o jurisdicción tendrá que citarle nuevamente para la celebración de la vista en alzada. *Pueblo v. Félix Avilés*, supra, pág. 476.

El recurso ante nuestra consideración requiere que nos pronunciemos sobre cuál es el efecto que tiene una determinación de causa probable por un delito menos grave sobre la autoridad o jurisdicción del Tribunal de Primera Instancia. Resolvemos que, determinada causa probable en vista preliminar por un delito menos grave, el Tribunal de Distrito sólo podrá seguir adelante con el juicio en su fondo por el delito inferior cuando el Ministerio Público acceda al encausamiento. Explicamos.

La vista preliminar tiene como objetivo determinar si existe causa probable para procesar a un imputado por el delito grave por el cual se determinó causa probable para arresto. La determinación de que existe causa probable constituye una autorización judicial para encausar. Ver, *e.g.*, *El Vocero de P.R. v. E.L.A.*, 131 D.P.R. 356 (1992); *Pueblo v. González Malavé*, 116 D.P.R. 578, 583 (1985).(⁴) Cuando un tribunal niega autorización judicial para encausar por el delito que el Fiscal entiende procedente, corresponde al Fiscal, no al tribunal, escoger el cauce procesal a seguir de entre las opciones que nuestro ordenamiento le confiere. O.E. Resumil de Sanfilippo, *Derecho Procesal Penal*, Orford, Equity Publishing Co., 1990, T. 1, Sec. 5.14, pág. 93. Cuando surja esta encrucijada procesal, los tribunales sólo tendrán jurisdicción para enten-

---

(⁴) En los procedimientos comenzados ante el Tribunal Superior, el pliego acusatorio lo será la acusación. Cuando se comience ante el Tribunal de Distrito, lo será la denuncia. Regla 34 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; O.E. Resumil de Sanfilippo, *Derecho Procesal Penal*, Orford, Equity Publishing Co., 1990, T. 1, Sec. 5.14, pág. 397.

der en el trámite que el Fiscal escoja en el ejercicio de su discreción.(5)

■ Nuestro ordenamiento encomienda al Poder Ejecutivo el deber de implantar las leyes penales. *Pueblo v. González Malavé*, supra, pág. 583; *Pueblo v. Tribunal Superior*, 94 D.P.R. 59, 65 (1967). Son los fiscales adscritos al Departamento de Justicia quienes tienen la función de procesar a todos los delincuentes por los crímenes y delitos de que pueda conocer bajo la autoridad y en representación del Estado Libre Asociado de Puerto Rico. 3 L.P.R.A. sec. 95; *Pueblo v. Pérez Casillas*, 126 D.P.R. 702, 710 (1990); Resumil de Sanfilippo, *op. cit.*, pág. 85.

Como parte de sus prerrogativas, el Fiscal tiene discreción para entrar en negociaciones con la defensa a los fines de llegar a alegaciones preacordadas de culpabilidad. Regla 72 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. También tiene discreción para presentar o no el pliego acusatorio, aun cuando haya habido una autorización judicial para ello. Regla 24(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; Resumil de Sanfilippo, *op. cit.*, págs. 92–93. Además, nuestro ordenamiento procesal penal le reconoce discreción en cuanto al curso procesal a seguir cuando un tribunal le niega la autorización judicial para presentar una acusación por determinado delito. Ello sucede cuando la determinación de causa probable en la vista preliminar le es adversa. Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II.(6)

■ Una determinación adversa en una vista prelimi-

---

(5) La decisión de no encausar por un delito inferior al que el Fiscal entienda procedente es distinta del sobreseimiento una vez comenzado el juicio en su fondo. En ese caso, el Ministerio Público no puede solicitar el archivo de la acusación sin la anuencia del tribunal y del acusado. Regla 247(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. Tribunal Superior*, 94 D.P.R. 59 (1967).

(6) El propósito de esa determinación es evitar que se someta a un ciudadano en forma arbitraria e injustificada a los rigores de un proceso criminal en su contra. *Pueblo v. Rivera Alicea*, 125 D.P.R. 37 (1990); *Pueblo v. López Camacho*, 98 D.P.R. 700, 702 (1970).

nar puede ocurrir de dos (2) maneras: cuando se determina la inexistencia de causa probable o cuando se determina causa probable por un delito inferior al que el Fiscal entendía procedente. Regla 24(c) de Procedimiento Criminal, *supra*; Resumil de Sanfilippo, *op. cit.*, pág. 387. En ambos casos, la persona queda exonerada del delito imputado en la denuncia original. Ver, *e.g., Pueblo v. Félix Avilés*, supra.

En esos casos, nuestro ordenamiento procesal confiere al Fiscal varias opciones. Primeramente, tiene derecho a solicitar una nueva vista preliminar en alzada.([7]) Regla 24(c) de Procedimiento Criminal, *supra; Pueblo v. Rivera Colón*, 119 D.P.R. 315, 320 (1987). Ese derecho es parte principalísima de nuestro ordenamiento procesal, ya que el Fiscal está facultado para iniciar la fase adjudicativa del procedimiento criminal sólo cuando la determinación de la vista preliminar es positiva.([8]) *El Vocero de P.R. v. E.L.A.*, supra, pág. 411; *Álvarez v. Tribunal Superior*, 102 D.P.R. 236, 238 (1974). Por otro lado, el Fiscal tiene discreción para no seguir adelante con los cargos. *Pueblo v. Lebrón Lebrón*, 116 D.P.R. 855, 861 (1986); Resumil de Sanfilippo, *op. cit.*, pág. 120. Finalmente, ante una determinación de causa probable por un delito inferior, el Fiscal tiene la opción adicional de seguir adelante con los cargos por el delito por el cual sí se le autorizó a encausar. Regla 23(c) de Procedimiento Criminal, *supra*; Resumil de Sanfilippo, *op. cit.*, pág. 387. Aunque la determinación de causa

---

([7]) Dicha vista en alzada no es una apelación de la primera, sino una nueva vista, separada, distinta e independiente, a la cual el Fiscal puede acudir con la misma u otra prueba. *El Vocero de P.R. v. E.L.A.*, 131 D.P.R. 356 (1992); *Pueblo v. Félix Avilés*, 128 D.P.R. 468 (1991); *Pueblo v. Cruz Justiniano*, 116 D.P.R. 28, 30 (1984).

([8]) Para salvaguardar el derecho a un juicio rápido, deberá solicitar la vista en alzada dentro del término de sesenta (60) días. *Pueblo v. Vélez Castro*, 105 D.P.R. 246, 248 (1976). El mismo término es aplicable cuando el imputado esté recluido en una institución penal del Estado. *Pueblo v. Rivera Arroyo*, 120 D.P.R. 114, 120 (1987). Su cómputo comienza a partir de la determinación en instancia, o a partir de la efectiva citación cuando el imputado no haya podido ser citado a pesar de la debida diligencia del Fiscal, siempre que haya justa causa para ello. *Pueblo v. Rivera Colón*, 119 D.P.R. 315, 325 (1987).

probable por un delito inferior le es adversa, la misma constituye una determinación de causa probable a los efectos de la Regla 23(c) de Procedimiento Criminal, *supra.*

La citada regla dispone que, cuando el magistrado determina que existe causa probable de que se ha cometido un delito y que el imputado lo cometió, le detendrá para responder por la comisión de ese delito. *Pueblo v. Pérez Suárez*, 116 D.P.R. 807, 812 (1986). Esta disposición no despoja al Fiscal de su derecho a ejercer discreción para acusar o no, o acudir en alzada cuando se ha determinado causa probable por un delito inferior. El foro judicial no podrá continuar con el encausamiento del imputado por el delito inferior si el Fiscal se opone al mismo. El Fiscal podrá optar por acudir en alzada ante el Tribunal Superior, en revisión de la determinación de causa por el delito inferior, según está autorizado por la Regla 24 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En la alternativa, podrá optar por no seguir adelante con los cargos.

Lo anterior significa que si el Fiscal se opone a que se procese al imputado por un delito inferior al que él entendía procedente, el tribunal no tendrá facultad o jurisdicción para proseguir adelante con el juicio en su fondo por el delito menos grave.[9] El efecto de esta norma en la práctica será el siguiente.

Primeramente, el fiscal podrá oponerse al encausamiento por el delito menos grave al momento mismo de finalizar la vista preliminar original, meramente notificando que acudirá en alzada contra la determinación

---

[9] Claro está, la discreción del Fiscal no es ilimitada. Nuestro análisis da por sentado que su ejercicio está sujeto al criterio de causa justificada encarnado en la Regla 24(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. En su parte pertinente, dicha regla dispone como sigue:

"Cuando el expediente fuere remitido a la secretaría de alguna sala de la Sección Superior del Tribunal de Primera Instancia, el secretario deberá referir el mismo inmediatamente al fiscal de dicha sala, quien presentará la acusación que procediere .... Si por causa justificada el fiscal considerare que no debe presentarse acusación, archivará el expediente en la secretaría de la sala correspondiente con su endoso a tal sentido."

adversa. No obstante, el Fiscal podrá acceder inicialmente a que se prosiga con el encausamiento por el delito inferior. En ese caso, el magistrado que preside la vista preliminar original podrá dar curso a la denuncia enmendada, y así señalar el caso para vista en su fondo ante la sala correspondiente del Tribunal de Distrito y ordenar que se cite al imputado y a los testigos para la misma. Pero si luego de examinar más detenidamente el caso, el Ministerio Público opta por no seguir adelante con los cargos o —dentro del término de sesenta (60) días— opta por ejercer su derecho a acudir en alzada, su decisión tendrá el efecto de paralizar los trámites comenzados en relación con el juicio por el delito menos grave. Bastará que, oportunamente, el Ministerio Público notifique al tribunal de su decisión para que éste tenga que paralizar los procedimientos.

Además, si antes de transcurrir el término para acudir en alzada llegase la fecha señalada para el juicio por el delito inferior, el Fiscal podrá pedir su suspensión mientras estudia la posibilidad de acudir en alzada, y el tribunal tendrá que acceder. La interpretación armónica de las Reglas de Procedimiento Civil así lo exigen.

## III

En el caso de marras, la decisión del tribunal en la vista preliminar le fue adversa al Fiscal. El Tribunal de Distrito determinó causa probable por el delito menos grave de escalamiento y señaló el caso para juicio por ese delito ante el Tribunal de Distrito sin que el Fiscal se opusiera a ello. Posteriormente, el Fiscal optó por solicitar una vista en alzada ante el Tribunal Superior. Así lo informó el día del juicio y solicitó su suspensión por ese motivo. En tanto que el Tribunal de Distrito procedió con el juicio en los méritos por el delito inferior por el cual se determinó causa probable, a pesar de que el Fiscal se opuso a ello el día del juicio, actuó sin autoridad o jurisdicción. Resulta, pues, nula la

sentencia que dictara en cuanto a los aquí recurridos. Regla 192.1 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. Miller*, 50 D.P.R. 846, 848 (1937).

Resolver lo contrario sería menoscabar el derecho que nuestro ordenamiento le reconoce al Ministerio Público de acudir en alzada cuando se le niega autorización para encausar a una persona por el delito que entienda procedente de acuerdo con el poder concedido por las Reglas de Procedimiento Criminal. Además, convertiría esta etapa del procedimiento criminal en una carrera entre el tribunal para celebrar el juicio y el Fiscal para obtener una vista en alzada antes de que se adjudique la causa criminal en sus méritos. Ello crearía un caos procesal que no tiene lugar en nuestro ordenamiento criminal.

En estas circunstancias, procede revocar la sentencia recurrida. Como el foro de instancia no tenía autoridad o jurisdicción para celebrar el juicio por el delito menos grave, esta decisión no impide el posterior procesamiento de los imputados. *Pueblo v. Martínez Torres*, 126 D.P.R. 561 (1990).

La decisión a que llegamos hoy es sin perjuicio de que el término de cárcel cumplido hasta ahora por los recurridos se descuente del término de prisión que deban cumplir en caso de ser nuevamente encontrados culpables y sentenciados por los mismos hechos. Art. 42 del Código Penal de 1974 (33 L.P.R.A. sec. 3204(b)); Regla 184 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Fuster Berlingeri concurrió mediante una opinión escrita.

– O –

Opinión concurrente emitida por el Juez Asociado Señor Fuster Berlingeri.

Concurro con el resultado al que llega la mayoría en este caso, pero creo que para arribar al mismo no es necesario ni prudente hacer los reiterados pronunciamientos sobre la discreción del Fiscal que emite *motu propio* la mayoría en su opinión.

La Regla 24(c) de Procedimiento Criminal de Puerto Rico, 34 L.P.R.A. Ap. II, claramente dispone que cuando un magistrado hace una determinación de que existe causa probable por un delito inferior al imputado, el Ministerio Público puede ir en alzada ante un magistrado de categoría superior del Tribunal de Primera Instancia. Hemos resuelto que esa opción que tiene el Fiscal de presentar el asunto otra vez ante un magistrado de categoría superior no constituye una apelación, sino que es más bien una segunda oportunidad que la ley le confiere al Ministerio Público para obtener la determinación de causa probable que interesa. *Pueblo v. Cruz Justiniano*, 116 D.P.R. 28 (1984); *Pueblo v. Tribunal Superior*, 96 D.P.R. 237 (1968).

En vista del claro mandato de las reglas, que este Tribunal ha avalado, es evidente que el Tribunal de Distrito no podía seguir adelante con sus procedimientos en este caso una vez el Fiscal había ido en alzada ante el Tribunal Superior. Resolver lo contrario ciertamente sería menoscabar el derecho de origen estatutario (*Pueblo v. Martínez Torres*, 116 D.P.R. 793 (1986)) que nuestro ordenamiento le reconoce al Ministerio Público de acudir en alzada cuando un magistrado no determina causa probable por el delito que entiende procedente.

Lo anterior me parece razón suficiente para disponer de este caso. No es necesario abundar sobre las supuestas facultades del Ministerio Público como lo hace la mayoría en su opinión. En ésta reiteradamente se resalta que son los

fiscales adscritos al Departamento de Justicia los que tienen la potestad para procesar criminalmente a los que han violado las leyes penales del país. Se dice que los fiscales tienen *"derecho* a ejercer discreción para acusar o no"; que "tienen discreción para presentar o no el pliego acusatorio, aun cuando haya habido una autorización judicial para ello"; que aunque un tribunal haya determinado causa probable luego de una vista preliminar, "el fiscal tiene discreción para no seguir adelante con los cargos", y se resuelve expresamente que si un tribunal determina causa probable en vista preliminar por un delito inferior al imputado, el tribunal puede seguir adelante con el juicio en su fondo solamente "cuando el Ministerio Público acceda al encausamiento".

Estas expresiones repetidas tantas veces y dichas sin precisar nada más pueden dar lugar a serios equívocos. Pueden dejar la errónea impresión de que la función de acusar y procesar del Ministerio Público es meramente potestativa, que la discreción que se tiene es absoluta o que la facultad que se posee puede ejercerse indiscriminadamente.

Es cierto que lo fiscales no están compelidos a proseguir adelante con los cargos correspondientes en todos los casos de actividad criminal que investigan. En ocasiones pueden decidir que no han de acusar. Pero, como claramente se preceptúa en la Regla 24(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la decisión de no presentar una acusación tiene que estar fundamentada en una *causa justificada.* No puede ser una decisión meramente discrecional. La llamada "discreción" del fiscal está enmarcada dentro de los términos del Código Político que regula sus funciones. Dicho código expresa en términos claros y tajantes que "[s]erá el deber de cada Fiscal el procesar a todos los delincuentes por crímenes y delitos de que pueda conocer bajo la autoridad del Estado Libre Asociado". 3 L.P.R.A. sec. 95. Lo

medular, pues, no es que el Ministerio Público pueda en ocasiones, por causa justificada, decidir no presentar una acusación, sino más bien que de ordinario tiene la obligación de hacerlo.

Las innecesarias expresiones de la mayoría sobre este asunto no hacen esta importante distinción. Están formuladas de modo tan general que resultan ser, cuando menos, imprecisas. Un ejemplo claro de ello es el uso que hace la mayoría de *Pueblo v. Lebrón Lebrón*, 116 D.P.R. 855 (1986), como precedente. La mayoría cita dicha decisión para apoyar su afirmación de que aun cuando un tribunal haya determinado causa probable "el Fiscal tiene discreción para no seguir adelante con los cargos". Opinión mayoritaria, pág. 339. Pero si se examina cuidadosamente dicha decisión, se comprobará que ello no fue lo que allí resolvimos. En *Pueblo v. Lebrón Lebrón*, supra, decidimos que la determinación de un tribunal en la vista preliminar de que no había causa probable para acusar debido a la incapacidad mental del imputado no era final y, por lo tanto, no impedía al Ministerio Público acudir en alzada para buscar una nueva determinación judicial sobre la alegada inimputabilidad. En el curso de esa decisión, por vía de *dicta*, y reconociendo por implicación la existencia de causa justificada, reiteramos que la presentación de prueba sobre la incapacidad mental en la vista preliminar tenía un propósito válido porque, si en efecto existía una situación de incapacidad, podía persuadirse al Ministerio Público de ello y éste entonces decidir "que no debe proseguir adelante con los cargos". Esta expresión nuestra en *Pueblo v. Lebrón Lebrón*, supra, es, por evidentes razones, muy distinta a lo que la mayoría ahora formula apoyándose en dicho caso.

Son imprecisiones como ésta —y lo innecesario de los pronunciamientos sobre la supuesta discreción del Minis-

terio Público— lo que me impide estar conforme con la opinión mayoritaria.

Este Tribunal no debe aventurarse a hacer pronunciamientos como los aludidos, particularmente en esta época que vivimos en la que cunde la criminalidad y la corrupción, para no dar lugar a que alguna vez pueda intentarse justificar la falta de rigor en el cumplimiento de los deberes públicos sobre la base de que el Tribunal Supremo admite la discrecionalidad de la función acusatoria.