*51 Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez,
a la cual se une el Juez Presidente Señor Hernández Denton.
Hoy, una mayoría de los miembros de este Tribunal des-atiende la normativa aplicable en los casos en que se plan-tea como defensa frente a un procesamiento penal que el mismo es selectivo. Disiento de la acción que se toma por considerarla contraria a derecho y porque sólo sirve para dilatar impermisiblemente el procesamiento penal. Consi-dero que aun cuando los acusados tuviesen razón en lo que sostienen como base para su reclamo de procesamiento se-lectivo, lo que indican dista mucho de ser un plantea-miento válido de procesamiento selectivo que permita ac-ceder al descubrimiento solicitado.
I
Contrario a lo que sería mi deseo, limitaciones de tiempo me impiden extenderme sobre el tema que se plan-tea en el recurso que pende ante nuestra consideración. Solamente puedo delinear a grosso modo los contornos del error en que incurrió la mayoría.
El caso de autos versa sobre una solicitud de descubri-miento de prueba en un caso donde se ha esgrimido un argumento de procesamiento selectivo y cómo el mismo debe ser atendido por el Tribunal de Primera Instancia. Los acusados —quienes enfrentan cargos penales por, ale-gadamente, no radicar planillas de contribuciones sobre in-gresos— indican que su caso es de procesamiento selectivo, por lo que el foro primario debe acceder a descubrir cierta prueba en poder del Departamento de Hacienda y el De-partamento de Justicia y, en su día, debería desestimar los cargos presentados.
*52 Específicamente solicitan, entre otras cosas, descubrir la siguiente información para los años 2000-2005, a saber: el número de contribuyentes que fueron referidos al Depar-tamento de Justicia para investigación criminal y la canti-dad de contribuyentes referidos en el propio Departamento de Hacienda para investigación; el número de casos crimi-nales presentados por el Departamento de Justicia; todo informe, estadística, estudio o estimado relacionado a eva-sión contributiva preparado para el Departamento de Hacienda, y la cantidad de requerimientos de planillas envia-das al contribuyente y la respuesta de éstos.
En su esencia, el alegado procesamiento selectivo recla-mado estriba en que el Departamento de Hacienda tiene dos mecanismos o “sistemas paralelos” para atender los ca-sos donde contribuyentes adeudan planillas de contribu-ción sobre ingresos, uno administrativo y otro administra-tivo penal. Indican que el Departamento no ha diseñado un protocolo o unas guías objetivas para determinar cuándo utilizar un mecanismo frente al otro. La ausencia de estas guías, arguyen los acusados, “se presta a que la radicación de cargos criminales obedezca exclusivamente a amiguis-mos, revanchismos, consideraciones políticas, o de exposi-ción pública”. Solicitaron, entonces, descubrir prueba sobre el particular. Considero que este señalamiento no confi-gura un problema de procesamiento selectivo, con lo cual la evidencia que se pretende descubrir es de todo punto impertinente.
II
La Sección 11 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, ga-rantiza a todo acusado su derecho a preparar una defensa adecuada y a obtener prueba a su favor. Pueblo v. Arocho Soto, 137 D.P.R. 762, 766 (1994). Ello, a su vez, conlleva el *53 derecho a realizar descubrimiento de prueba e informarse debidamente en la preparación de su defensa. Pueblo v. Santa-Cruz, 149 D.P.R. 223 (1999); Pueblo v. Echevarría Rodríguez I, 128 D.P.R. 299, 324 (1991).
“Ahora bien, es importante advertir que este derecho a descubrimiento de prueba a favor del acusado, natural-mente, no es absoluto.” (Enfasis en el original.) Pueblo v. Arzuaga, 160 D.P.R. 520, 530 (2003). El derecho está limitado por lo dispuesto en la Regla 95 de Procedimiento Criminal, que se erige como “barrera estatutaria contra las llamadas 'expediciones de pesca’ en los archivos de fisca-lía”, además de desalentar la utilización del descubri-miento como táctica dilatoria.(1) Pueblo v. Arzuaga, supra; Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243, 246-249 (1979). Igualmente, cuando el descubrimiento se autoriza de acuerdo con nuestra facultad inherente para regular los procedimientos judiciales, debemos procurar que con éste no validemos una búsqueda irrestricta en los archivos del Estado o permitamos que se utilice para dilatar los proce-sos penales.
III
A. En nuestro esquema constitucional de gobierno, corresponde a la Rama Ejecutiva la prerrogativa de velar por el cumplimiento de las leyes. Art. IV, Sec. 4, Const. E.L.A., L.P.R.A., Tomo 1. Véanse, también: Santana v. Gobernadora, 165 D.P.R. 28 (2005); Pueblo v. Quiñones, Rivera, 133 D.P.R. 332, 338 (1993). En el ámbito penal, son los fiscales del Departamento de Justicia quienes tienen la enco- *54 mienda de procesar criminalmente a un ciudadano que se entiende ha violado la ley. Esta prerrogativa es de natura-leza discrecional y se ejerce bajo la autoridad y en representación del Estado Libre Asociado de Puerto Rico. Pueblo v. Pérez Casillas, 126 D.P.R. 702, 710 (1990). En Pueblo v. Dávila Delgado, 143 D.P.R. 157, 170 (1997), indicamos con acierto lo siguiente:
[E]n nuestra jurisdicción, y conforme a lo dispuesto por nuestro ordenamiento jurídico, la facultad y responsabilidad de investigar los hechos delictivos y la decisión de a qué persona acusar y procesar criminalmente, y por qué delito, recae en persona del Secretario del Departamento de Justicia de Puerto Rico y de los fiscales bajo su supervisión; poseyendo los mencionados funcionarios amplia discreción en el descargo de esas funciones. (Énfasis suplido.) Véase, también, Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)(“[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion”).
Consideraciones de separación de poderes subyacen la amplia discreción que se le reconoce al fiscal en el desem-peño de su función constitucional de velar por el cumpli-miento de la ley. Esas mismas razones aconsejan cautela a la hora de pasar juicio sobre el ejercicio de esa facultad. Así, en United States v. Armstrong, 517 U.S. 456, 465 (1996), el Tribunal Supremo de Estados Unidos indicó lo siguiente:
Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts. ...It also stems from a concern not to unnecessarily impair the performance of a core executive constitutional function. (Énfasis suplido.)
Además, la naturaleza de la decisión de cuándo y a quién encausar no se presta con facilidad al escrutinio judicial. En este sentido, son acertadas las expresiones del *55 Tribunal Supremo en Wayte v. United States, 470 U.S. 598, 607-608 (1985), las que citamos con aprobación en Pueblo v. Dávila Delgado, supra, pág. 170, a saber:
This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution general deterrence value, the Government’s enforcements priorities, and the case’s relationship to the Government’s overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake. Judicial supervision in this area, moreover, entails systemic costs of particular concern. Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor’s motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government’s enforcement policy. All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute. (Enfasis suplido y en el original.) Véase, además, United States v. Chemical Foundation, 272 U.S. 1, 14-15 (1926).
Claro está, la amplia discreción que goza el Ministerio Público no es absoluta y está sujeta a limitaciones constitucionales. Pueblo v. Dávila Delgado, supra, págs. 171-172 esc. 15. Una de las limitaciones a la discreción del fiscal la impone el componente de igual protección de las leyes de la cláusula del debido proceso de ley, por lo que se exige que la decisión de procesar no puede estar basada en clasificaciones impermisibles, tales como raza, religión o cualesquiera clasificación arbitraria. íbid.
La defensa de procesamiento selectivo impone al Poder Judicial la tarea de pasar juicio sobre la prerrogativa cons-titucional del Poder Ejecutivo de hacer cumplir las leyes. Véase United States v. Armstrong, supra, pág. 464 (“A selective-prosecution claim asks a court to exercise judicial power over a ‘special province’ of the Executive”). Necesa-riamente, entonces, el análisis requerido para prevalecer en una reclamación de este tipo tiene que ser riguroso para así garantizar que no irrumpamos, innecesariamente, en *56 una prerrogativa de la esencia del Poder Ejecutivo, la de velar por el cumplimiento de la ley. Ibid.
En United States v. Armstrong, supra, págs. 463-465, el Tribunal Supremo se expresó extensamente sobre la natu-raleza de un planteamiento de procesamiento selectivo, que citamos extensamente:
A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. Our cases delineating the necessary elements to prove a claim of selective prosecution have taken great pains to explain that the standard is a demanding one. These eases afford a “background presumption,” ... that the showing necessary to obtain discovery should itself be a significant barrier to the litigation of insubstantial claims.
The requirements for a selective-prosecution claim draw on “ordinary equal protection standards.” The claimant must demonstrate that the federal prosecutorial policy “had a discriminatory effect and that it was motivated by a discriminatory purpose.” ...To establish a discriminatory effect ...a claimant must show that similarly situated individuals ... were not prosecuted. (Énfasis suplido y citas omitidas.) Véase, además, United States v. Bass, 536 U.S. 862 (2002).
El profesor LaFave, en su tratado de derecho procesal penal, sostiene un criterio similar. Este describe los ele-mentos de una reclamación de procesamiento selectivo bajo los términos siguientes:
[T]he three essential elements of a discriminatory prosecution claim [are]: (1) that other violators similarly situated are generally not prosecuted; (2) that the selection of the claimant was “intentional or purposeful”, and (3) that the selection was pursuant to an “arbitrary classification.” (Escolios omitidos.) 4 LaFave and Israel, Criminal Procedure Sec. 13.4(a), pág. 170 (2007). Véase, también, Pueblo v. Rexach Benitez, 130 D.P.R. 273 (1992).
Adviértase que un reclamo de esta naturaleza se atiende como un problema de igual protección de las leyes. E. *57 Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1992, Vol. II, Sec. 20.2A, pág. 578 (“AI considerar un planteamiento de discrimen en la zona de procesamiento selectivo; los tribunales deben uti-lizar los estándares ordinarios de igual protección de las le-yes: el peticionario debe establecer dos elementos esencia-les: efecto discriminatorio y propósito discriminatorio”, énfasis en el original).
En resumen, para que pueda prevalecer la defensa de encausamiento criminal selectivo el acusado tiene que pro-bar que personas situadas eñ una posición similar a la de él o ella no han sido acusadas y que la selección discrimi-natoria del fiscal de acusarle ha sido intencional, de mala fe y basada en consideraciones impermisibles, como raza, religión, afiliación política o el interés de ejercer derechos constitucionales, entre otras. Pueblo v. Rexach Benitez, supra. Véase Wayte v. United States, supra.
B. En United States v. Armstrong, supra, precisamente se planteó cuál debía ser el ámbito de descubri-miento de prueba frente a una alegación de procesamiento selectivo. En ese caso, un acusado de posesión con inten-ción de distribuir “crack” planteó que había sido sometido a un procesamiento penal por motivos raciales y solicitó cierto descubrimiento de la Fiscalía federal para sostener su alegación. La moción para solicitar el descubrimiento se acompañó con un afidávit de un paralegal que trabajaba en el Federal Public Defender Office del Distrito Central de California. El afidávit atestiguaba que todos los casos “ce-rrados” por esa oficina, coetáneos al arresto del acusado y donde se habían presentado cargos por los mismos delitos que pesaban contra Armstrong, involucraban personas de la raza negra. Se anejó al affidávit un análisis de todos estos casos, con un desglose que hacía referencia a la raza de los acusados, los delitos imputados y la disposición final del caso. El acusado solicitó el descubrimiento siguiente: *58 una lista de todos los casos procesados por los fiscales du-rante un periodo de tres años donde se imputaron los mis-mos delitos que a Armstrong; que se identificara la raza de todos los acusados; que se describiera el personal que tra-bajó en la investigación de estos casos, y que se explicara los criterios considerados para procesar los casos relaciona-dos con la posesión, venta y distribución de cocaína.
Al denegar su solicitud de descubrimiento, el Tribunal expresó lo siguiente sobre el alcance y la naturaleza del descubrimiento de prueba en estos casos; citamos extensa-mente:
Having reviewed the requirements to prove a selective-prosecution claim, we turn to the showing necessary to obtain discovery in support of such a claim. ... Discovery ... imposes many of the costs present when the Government must respond to a prima facie case of selective prosecution. It will divert prosecutors’ resources and may disclose the Government’s pro-secutorial strategy. The justification for a rigorous standard for the elements of a selectiveprosecution claim thus require a correspondingly rigorous standard for discovery in aid of such a claim.
We think the required threshold — a credible showing of different treatment of similarly situated persons — adequately balances the Government’s interest in vigorous prosecution and the defendant’s interest in avoiding selective prosecution. (En-fasis suplido.) United States v. Armstrong, supra, págs. 468-470.
El Tribunal Supremo se negó a autorizar el descubri-miento solicitado luego de aplicar este estándar y concluir que la defensa no estableció que existieran otras personas en igualdad de condiciones que el acusado, que no fueron acusados por Fiscalía precisamente por no ser de la raza negra como él.
De lo anterior se desprende que el estándar requerido en estos casos para acceder al descubrimiento exige que el acusado presente alguna prueba que demuestre la existen-cia de los elementos de la defensa, a saber: el efecto discri-minatorio y el interés discriminatorio. Sólo si hay una de- *59 mostración en tal sentido es que procede darle curso a la solicitud presentada. Este estándar riguroso en la etapa de descubrimiento de prueba se justifica porque en esta fase del procesamiento median las mismas consideraciones de separación de poderes, dilación innecesaria del encausa-miento criminal, efecto congelante en el ejercicio de las prerrogativas del fiscal, etcétera, que exigen cautela al atender en sus méritos la defensa de procesamiento selectivo.
A poco que revisemos desapasionadamente la moción presentada por los acusados, advertimos que éstos no cum-plen con el estándar requerido, pues no han alegado que estén presentes los requisitos de la defensa de encausa-miento criminal selectivo. La defensa no ha reclamado que otras personas que estén en posiciones similares a la de ellos no han sido acusadas por el Estado; tampoco hay ale-gación fundamentada alguna de intencionalidad o ánimo discriminatorio de parte del Ministerio Público o del De-partamento de Hacienda en su referido al Departamento de Justicia, o que la acusación que pende en su contra obe-dece a que han sido señalados para procesamiento por mo-tivo de una clasificación arbitraria, sospechosa o contraria a la Constitución.
Forzoso es concluir que los acusados en este caso no han planteado, como cuestión de umbral, una controversia plausible de procesamiento selectivo. No existe en el récord ni siquiera alegaciones de lo que el profesor Chiesa describe como “efecto y propósito discriminatorio”, lo que no nos permite considerar con seriedad su solicitud de descu-brimiento de prueba. En vista de lo anterior, la única de-terminación que se ajusta a Derecho es la de denegar la solicitud de descubrimiento de prueba.
Por las razones que expreso disiento del criterio de la mayoría en este caso. En su lugar, hubiese expedido el auto que nos solicita el Procurador General y hubiese revocado la sentencia dictada por el Tribunal de Apelaciones.

 Advertimos que la defensa ha reconocido que su solicitud de descubrimiento respecto a su planteamiento de procesamiento selectivo no se formula según la Regla 95 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Como entendemos que el plantea-miento de encausamiento selectivo es improcedente como cuestión de derecho, no es necesario, en esta ocasión, expresarnos acerca de cuál debe ser el vehículo procesal adecuado para esa petición.