Miranda De Hostos, Juez Ponente
*874 TEXTO COMPLETO DE LA RESOLUCION
La peticionaria, la Procuradora de Menores representada por el Procurador General, recurre ante nos de una resolución del Tribunal de Primera Instancia, Asuntos de Menores, que decretó el sobreseimiento de la queja contra la menor V.M.B.M. por la falta equivalente al delito menos grave de agresión simple.
Atendido el recurso de certiorari presentado, se deniega por los siguientes fundamentos.
I
El 23 de agosto de 2003, se presentó una queja contra la menor V.M.B.M. por la falta equivalente al delito menos grave de agresión simple. Artículo 94 del Código Penal de Puerto Rico. 34 L.P.R.A. see. 4031. Según la queja, la menor, ilegal, voluntaria y a sabiendas utilizó fuerza y violencia contra su señora madre y utilizando las manos la agredió en distintas partes del cuerpo causándole golpes. (Ap. IV, pág. 7.)
Celebrada la vista de causa probable para radicar querella, la perjudicada manifestó que no tenía interés en continuar con los procedimientos, ya que su deseo era que el padre de la menor asumiera la custodia de ésta, quien ya había manifestado que estaba en disposición de así hacerlo. La madre de la menor informó que debido a que trabajaba para el Departamento de Familia, haría las gestiones pertinentes para coordinar unos servicios para la menor. Sobre la objeción de la Procuradora de Menores, el tribunal procedió al archivo definitivo de la queja en pro de la justicia, por falta de interés de la perjudicada que era la señora madre de la menor V.M.B.M. (Ap. 1, pág. 1.)
La Procuradora de Menores solicitó reconsideración y en su escrito señaló que al momento en que el tribunal optó por archivar la queja, los padres no habían presentado procedimiento legal alguno relativo a la custodia legal de la menor, la cual ostentaba la madre. También alegó que la madre de la menor no había hecho aún las gestiones para coordinar los servicios a través del Departamento de la Familia. Manifestó que no tuvo oportunidad de interrogar a la perjudicada, pues no se le tomó juramento y la misma se limitó a contestar las preguntas que le hizo el juez en sala durante la vista. Expuso que el curso adecuado en el caso era obtener un informe social completo que analizara los problemas de la familia y las ayudas disponibles para así poder tomar una decisión sobre el curso a seguir. (Ap. II, págs. 3-5.)
En la resolución recurrida, el Tribunal de Primera Instancia concluyó que se trataba de una falta menos grave que no está revestida de un alto interés público, que la perjudicada declaró no tener interés en seguir con los procedimientos, que no tenía antecedentes previos y que contrario a lo señalado por la Procuradora de Menores, la madre de la menor declaró bajo juramento que había solicitado los servicios a través del Departamento de la Familia y otros servicios privados, y que por último, el padre asumió la custodia de la menor y presentó moción al respecto en la Sala de Relaciones de Familia. Además, indicó el foro de instancia que en aras de fomentar la unión familiar, para resolver de una forma no litigiosa la controversia y en pro de la *875 justicia, archivaba la queja. (Ap. 1, pág. 1.)
La solicitud de reconsideración fue declarada no ha lugar e inconforme con el archivo decretado, acudió ante nos en certiorari la Procuradora de Menores, representada por el Procurador General.
II
Esbozado el trámite del caso ante el foro de instancia, procedemos a discutir la norma jurídica aplicable.
A
Derecho procesal penal
Las Reglas de Procedimiento para Asuntos de Menores no contienen una disposición similar que autorice el sobreseimiento y archivo de una querella como lo autoriza la Regla 247(b) de Procedimiento Criminal. 34 L.P. R.A. Ap. I-A. Según dispone la Regla 13.12 de las de Procedimiento para Asuntos de Menores, en todos los casos en que no se haya provisto un procedimiento específico, el tribunal reglamentará los trámites de modo que sean compatibles con estas reglas o con la Ley de Menores. 34 L.P .R.A. see. 2201 et seq.
Conforme a la Regla 247(b) de Procedimiento Criminal, supra, se concede la facultad a los tribunales de sobreseer una denuncia o acusación criminal “cuando ello sea conveniente para los fines de la justicia” a solicitud del Secretario de Justicia, del fiscal o a instancia propia del tribunal. De acuerdo con los términos de esta regla, el sobreseimiento decretado es con perjuicio, de manera que no podrá someterse nuevamente esa denuncia o acusación contra el acusado. Regla 247(d) de Procedimiento Criminal, supra.
La Regla 247, citada, dispone textualmente en su parte pertinente:

“Regla 247. Sobreseimiento

(a) [...]

(b) Por el tribunal, orden. Cuando ello sea conveniente para los fines de la justicia y previa celebración de vista en la cual participará el fiscal, el tribunal podrá decretar el sobreseimiento de una acusación o denuncia. Las causas de sobreseimiento deberán exponerse en la orden que al efecto se dictare, la cual se unirá al expediente del proceso.

(c) [...]

(d) Efectos. El sobreseimiento decretado de acuerdo con esta regla impedirá un nuevo proceso por los mismos-hechos. ”

Nótese que cuando el sobreseimiento se hace por el tribunal, es indispensable que se celebre una vista con la presencia del fiscal y que dicho sobreseimiento sea conveniente para los mejores fines de la justicia. Además, el juez que decrete el archivo y sobreseimiento de una causa, está obligado a consignar los fundamentos de esa decisión y una resolución con ese fin que no contenga fundamentos, es errónea y no debe sostenerse. Pueblo v. Tribunal Superior, 94 D.P.R. 59, 64 (1967).
En vista de que la Regla 247 de Procedimiento Criminal no establece criterios o factores a ser considerados por el tribunal al evaluar la procedencia del sobreseimiento de una causa, nuestro Tribunal Supremo formuló los mismos, a saber:
“Entre los factores que un tribunal, al ejercer su discreción de archivar un caso criminal, debe tomar en *876 consideración se encuentran: (1) la evidencia con la que cuenta el Ministerio Público para establecer un caso, (2) naturaleza del delito, (3) si el acusado está encarcelado o ha sido convicto en un caso relacionado o similar, (4) tiempo que el acusado lleva encarcelado, (5) posibilidad de amenaza u hostigamiento, (6) probabilidad de que en el juicio pueda traerse nueva o evidencia adicional, y (7) si sirve a los mejores intereses de la sociedad proseguir con los procedimientos. ” (Citas omitidas)
Además de dichos criterios, resolvemos que será preciso examinar la naturaleza de la acusación, incluyendo el tipo de actividad delictiva en cuestión, su seriedad, la frecuencia con que se archivan casos del mismo tipo y el impacto del sobreseimiento sobre la administración de la justicia y los derechos del acusado.
Aunque los factores enumerados constituyen elementos necesarios a considerarse en la determinación de un tribunal de archivar una denuncia o acusación, esto no significa que todos deben concurrir para que se justifique el archivo. El tribunal puede tomar en cuenta otros factores, para determinar si procede un sobreseimiento, que le permitan hacer el balance entre la libertad del individuo y el interés del Estado en encausar a los responsables de actos delictivos.
Pueblo v. Castellón Calderón, opinión de 12 de mayo de 2000, 2000 J.T.S. 84, pág. 1116.
B
Criterios sobre abuso de discreción
En nuestra jurisdicción, se considera que un tribunal abusa de su discreción, si emite una decisión ignorando las normas jurídicas aplicables, provocando un resultado irrazonable, arbitrario y contrario a derecho. RBR Const. S.E. v. Autoridad de Carreteras, 149 D.P.R. 836, 856 (2000).
El ejercicio de la discreción por el tribunal está atado al concepto de razonabilidad, para llegar a una conclusión y dictamen justiciero, sin hacer abstracción del derecho. Ramírez Ferrer v. Policía de P.R., opinión de 26 de diciembre de 2002, 2003 J.T.S. 3, pág. 376.
III
Aplicación de la norma jurídica
Expuesta la norma jurídica, procedemos a aplicarla a los hechos ante nuestra consideración.
Alega la parte peticionaria que erró el Tribunal de Primera Instancia, Asuntos de Menores, al optar por el archivo definitivo de la queja, haciendo abstracción de los criterios establecidos en Pueblo v. Castellón Calderón, supra, que deben ser considerados al ejercer su discreción de archivar una causa criminal.
No le asiste la razón.
Debemos resaltar que antes del tribunal revisado determinar archivar la queja en cuestión, tomó en consideración los factores establecidos por nuestro Tribunal Supremo en Pueblo v. Castellón Calderón, supra, y expuso las razones en su dictamen previo a una vista. Veamos.
El primer factor consiste de la evidencia con la que contaba la Procuradora de Menores para establecer el caso, le es desfavorable a su posición. La madre de la menor, quien es la perjudicada, declaró bajo juramento que no tenía interés alguno en continuar con el caso. Es decir, que la Procuradora de Menores no contaba con el testimonio que favorece su posición, pues la declaración de la perjudicada, madre de la menor, era a los fines de no continuar el trámite ante el foro de menores.
*877 En cuanto al segundo factor, expresó el foro de instancia que la naturaleza del delito en cuestión era una falta menos grave, que no revestía un alto interés público, con más razón, cuando fue un caso aislado entre madre e hija.
También expresó el tribunal revisado en su resolución respecto al tercer factor, que la menor no tenía antecedentes de quejas como menor o reflejaba conducta agresiva previa. En relación a la posibilidad de amenaza u hostigamiento, la propia madre de la menor informó que había tomado medidas cautelares, procurando para ésta servicios a través del Departamento de la Familia y otros servicios privados, para beneficio de la menor. Más aún, el padre de la menor ha asumido la custodia de ésta, por lo que ha mermado significativamente la probabilidad de amenaza u hostigamiento entre la madre e hija.
Finalmente, el Tribunal de Primera Instancia, en aras de mantener y fomentar la unión familiar y considerando que la filosofía del derecho va encaminada hacia soluciones no litigiosas de las controversias y en pro de la justicia, resolvió decretar el archivo de la queja.
Como bien señala la parte peticionaria, son los fiscales adscritos al Departamento de Justicia quienes tienen la facultad y responsabilidad de investigar los hechos delictivos y la decisión de a qué persona acusar y procesar y porqué delito, para lo cual poseen amplia discreción. Ahora bien, son los tribunales los que tienen la facultad de tomar la determinación final que proceda, según el derecho aplicable, al resolver los casos ante sí, en el ejercicio de su discreción y dentro del balance de intereses para hacer justicia.
No tenemos duda que el tribunal de instancia fue cauteloso al emitir su dictamen, celebrando una vista en presencia de la Procuradora de Menores, interrogando a las partes, dándole oportunidad a ésta de contrainterrrogar, tomando en consideración el derecho aplicable y exponiendo las razones para el sobreseimiento al tomar su determinación sobre archivo de la queja. Por lo cual, concluimos que el Tribunal de Primera Instancia no abusó de su discreción, pues emitió su decisión conforme a las normas jurídicas aplicables, provocando un resultado razonable y justo, según las circunstancias particulares del caso.
IV
Por los anteriores fundamentos, se deniega expedir el auto de certiorari, por ser correcto en derecho el dictamen del Tribunal de Primera Instancia.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General